SARAH P. BRIGGS, administratrix, *vs.* JOHN GILMAN.

Worcester.    Sept. 30. — Oct. 27, 1879.    ENDICOTT & LORD, JJ., absent.

An objection to the report of an auditor, that a portion of the evidence, upon which his conclusion is based, was inadmissible, should be taken by a motion to recommit the report to the auditor, and cannot be taken for the first time at the trial as a ground for rejecting the whole report.

CONTRACT upon an account annexed for goods sold and delivered to the defendant by Russell Briggs, the plaintiff's intestate.    Answer, a general denial.

In the Superior Court, the case was referred to an auditor, at the hearing before whom the plaintiff offered in evidence certain books purporting to be books of account of the intestate.    The defendant objected to their admission, and, at his request, the auditor reported all the evidence introduced before him bearing on the question of their admissibility.    The auditor in his report stated that, upon this evidence, and upon an inspection of the books, he deemed them admissible, and admitted them in evidence; that the plaintiff also introduced other evidence tending to show a sale and delivery of the goods; that the defendant offered no evidence; and that the auditor therefore found for the plaintiff in a certain sum.

At the trial, the defendant objected to the admission of the auditor's report, on the ground therein stated.    But *Dewey*, J., admitted it in evidence to establish the plaintiff's case; the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. S. B. Hopkins*, for the defendant.

*J. Hopkins*, for the plaintiff, was not called upon.

GRAY, C. J. The object of the statute by which the courts are authorized to refer cases to auditors, and to require their reports to be read as *prima facie* evidence at the trial, although neither party may desire it, is to simplify and elucidate the issues to be tried. Gen. Sts. *c.* 121, § 46. *Fogg* v. *Farr*, 16 Gray, 396. *Clark* v. *Fletcher*, 1 Allen, 53. If one of the findings of the auditor appears to the court, upon the facts reported by him, to be erroneous in matter of law, or in excess of the authority conferred by the rule of reference, the jury may be instructed accordingly, and so much of his report stricken out, leaving the rest to have its proper weight and effect. *Jones* v. *Stevens*, 5 Met. 373. *Ropes* v. *Lane*, 9 Allen, 502. *Morrill* v. *Keyes*, 14 Allen, 222. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100. *Peru Steel Co.* v. *Whipple Manuf. Co.* 109 Mass. 464. But an objection to a portion of the evidence upon which the auditor has based his conclusion cannot be taken, as matter of right, except by motion to recommit the report to the auditor before the trial. To allow such an objection to be taken for the first time at the trial, as a ground for rejecting the whole report and proceeding to trial without it, would defeat the purpose of the statute. *Allen* v. *Hawks*, 11 Pick. 359, 360. *Jones* v. *Stevens*, 5 Met. 373, 377. *Kendall* v. *Weaver*, 1 Allen, 277. *Packard* v. *Reynolds*, 100 Mass. 153. *Kendall* v. *May*, 10 Allen, 59, 65, 66. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320.

*Exceptions overruled.*