MARGARET T. EAGAN, administratrix, *vs.* PATRICK LUBY
& trustee.

Bristol.    Oct. 24. — Nov. 29, 1882.    LORD, C. ALLEN & COLBURN, JJ.,
absent.

An objection that certain evidence was improperly rejected by an auditor, not
raised at the trial in the Superior Court, is not open upon a bill of exceptions.

Judgment is correctly rendered for the amount found by an auditor, if his report
is the only evidence at the trial.

An assignment of all sums that may become due from a city to the assignor on or
before a future day named, for services as janitor of a public school building,
which position he has held for several years by virtue of an annual election by
a committee on public property of the city, is ineffectual, as against the trustee
process, to pass to the assignee sums earned before that day, but under a subsequent appointment as janitor, there being no agreement for such subsequent
appointment at the time of making the assignment; although the terms of his
subsequent appointment are similar to that which preceded it, and a custom
prevails in that city by which he would have been entitled to keep his employment until a successor was chosen.

TRUSTEE PROCESS.    The writ was dated June 7, 1880, and
was served the next day.    The city of Fall River, summoned
as trustee, answered that, at the date of service upon it, it had
in its hands the sum of $135, money earned by the defendant.
Thomas Fanton appeared as claimant of the funds in the hands
of the trustee.    At the trial in the Superior Court, without a
jury, *Brigham*, C. J., ruled that the plaintiff was entitled to recover $56.55, the amount found due by an auditor to whom the
case had been referred; that the claimant was entitled to the
money in the hands of the trustee, $135; and that the trustee
was entitled to be discharged; and ordered judgment accordingly.    The plaintiff alleged exceptions, which appear in the
opinion.

*J. M. Wood*, for the plaintiff.

*M. Reed*, for the defendant and claimant.

DEVENS, J.    The objection that certain entries in the plaintiff's book of accounts were improperly rejected by the auditor, which the plaintiff seeks to discuss here, cannot be considered. Had the plaintiff desired to raise the question of their admissibility, he should have offered the evidence at the trial in the Superior Court, as he may offer any evidence there, whether it has been received or not by the auditor, or should have moved to recommit the report.    *Allen* v. *Hawks*, 11 Pick. 359.    *Briggs* v. *Gilman*, 127 Mass. 530.    It does not appear even to have been presented to the presiding judge, who tried the case and who correctly rendered judgment for the plaintiff in the amount found by the auditor, his report being the only evidence.    *Holmes* v. *Hunt*, 122 Mass. 505.

· A more important question concerns the validity of the assignment made by the defendant on July 1, 1879, which purported to transfer for a good consideration all sums that might become due to him from the city of Fall River on or before July 1, 1880.    The defendant had held for some two or three years an employment by virtue of the annual election of a committee on public property of the city of Fall River.    This committee was entitled to make the election and appointment of the janitors of the public buildings, one of which positions was the employment referred to, and to fix their salaries.    On July 1, 1879, the defendant held the position of janitor of the Slade Mill Public School, by virtue of an election thereto in the earlier portion of that year.    On February 5, 1880, he was re-elected by the then existing committee for the term of one year, and his salary was fixed by them.    At the time the trustee process was served, which was on June 8, 1880, there was due to the defendant the sum of $135, or three months' pay, which had been earned subsequently to the appointment made on February 5, 1880.

The plaintiff contends that the assignment was an attempt to assign, not only what might become due to the defendant under the contract existing between the defendant and the city of Fall River on July 1, 1879, but also what he might afterwards become entitled to under a subsequent engagement; and that to this extent it was inoperative.

That money to be earned, under an engagement not yet made, is not assignable, is well settled; and the question therefore is, whether the election and appointment of the defendant on February 5, 1880, constituted a distinct contract from that which existed when the assignment was made. *Herbert* v. *Bronson*, 125 Mass. 475. *Mulhall* v. *Quinn*, 1 Gray, 105. *Hartley* v. *Tapley*, 2 Gray, 565. *Twiss* v. *Cheever*, 2 Allen, 40. It must be held to be such. While the terms were similar to that which preceded it, yet these might have been changed. Although made with the city of Fall River, yet it was made by the authority of individuals who may have been other than those by whose authority the defendant had been previously employed. The election and determination of his salary by the latter committee, with his acceptance and performance of the duties of the employment, constituted a different engagement from that which preceded it. Nor is it important that, by the custom that prevailed in the city of Fall River, he would have been entitled to keep his employment until a successor was chosen. He did not remain in it by virtue of the election which entitled him to hold it in 1879, but by the later one of February 5, 1880.

The case of *Twiss* v. *Cheever*, *ubi supra*, strongly resembles the case before us. The defendant was a member of the fire department, the members of which are appointed for the term of six months. It was held that an assignment of all claims which the assignor might have at a future day named, for sums of money due ·or to become due for services in the fire department, was ineffectual to pass to the assignee sums earned before that day but under a subsequent appointment as fireman, there being no agreement existing, at the time of making such assignment, for the subsequent appointment.

We are therefore of opinion that the learned judge erred in ruling that the claimant was entitled, by virtue of the assignment, to the sum which was due from the city when the trustee process was served.                    *Exceptions sustained.*