EDWIN L. GOULD *vs.* WILLIAM J. HARTLEY.

Suffolk.    January 9, 1905. — March 4, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Evidence,* Book entries.

In an action of contract by the proprietor of a hotel for the price of liquors and cigars, the plaintiff cannot put in evidence the entries in a book kept by a clerk in the office of the hotel made from slips brought to him by bell boys from the bar and the cigar department, the clerk having no personal knowledge of the sales and the original slips not being produced.

CONTRACT by the proprietor of a hotel upon an account annexed with thirty items amounting in all to $210.50. Writ in the Municipal Court of the City of Boston dated August 13, 1903.

On appeal to the Superior Court the case was tried before *Aiken,* J., without a jury. The plaintiff to establish a portion of the items charged in his account introduced original memoranda signed by the defendant, and to establish other items, being charges for liquors and cigars, offered in evidence a book alleged to have been kept in the usual course of the plaintiff's business, the entries in which were made in the manner described in the opinion. The judge admitted the book entries against the defendant's objection. The judge found for the plaintiff in the sum of $168.90 ; and the defendant alleged exceptions.

*J. H. Blanchard,* for the defendant.

*W. J. Gaffney,* for the plaintiff, submitted a brief.

LATHROP, J.   While the plaintiff to prove some of the items of the account put in evidence memoranda with the defendant's signature attached, as to the other items the only offer of proof was a book alleged to have been kept by the plaintiff in the usual course of his business.   This book was kept by a clerk in the office of the hotel, who had no personal knowledge of the items of goods sold by the cigar department and the bar department of the plaintiff's hotel, and whose only knowledge was derived from slips sent to his office from these departments by a bell boy.   The original slips were not produced, and neither of the employees who had charge of the bar or the cigar department was called to testify.

Under these circumstances we are of opinion that the judge erred in admitting the book in evidence.   This was decided in *Kent* v. *Garvin*, 1 Gray, 148, and the rule there laid down has been recognized ever since to be the law.   *Harwood* v. *Mulry*, 8 Gray, 250, 252.   *Miller* v. *Shay*, 145 Mass. 162.   *Donovan* v. *Boston & Maine Railroad*, 158 Mass. 450, 453.   The books of a bank stand on a different footing.   *Produce Exchange Trust Co.* v. *Bieberbach*, 176 Mass. 577, 587.

*Exceptions sustained.*