ELIZABETH ALLWRIGHT *vs.* DAVID N. SKILLINGS
& another, executors.

Norfolk.    March 9, 1905. — June 27, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Practice, Civil,* Auditor's report. *Wagering Contracts. Witness,* Refreshing recollection. *Evidence,* Competency.

Unless the rule to an auditor provides that his findings on matters of fact are to be final, a motion to recommit an auditor's report is addressed to the discretion of the presiding judge, and his ruling is not subject to exception.

Under St. 1901, c. 459, there can be no recovery of money paid as margins where the person employed to buy or sell securities makes, in accordance with the terms of the contract or employment, actual purchases or sales of the securities.

A witness may be permitted to refresh his recollection from books of original entry although the books themselves would not be admissible in evidence.

In an action against the members of a firm of brokers, under St. 1890, c. 437, as amended by St. 1901, c. 459, for money alleged to have been paid on wagering contracts, the defendants may show the general nature of the business done by the firm, that orders always were executed by actual purchases or sales and that there never were any fictitious purchases or sales.

LATHROP, J.    This is an action of contract under the St. of 1890, c. 437, as amended by the St. of 1901, c. 459, against the executors of the will of E. D. Bangs, to recover for moneys

and securities delivered to the firm of E. D. Bangs and Company during the years 1893, 1895, and 1896, as margin in certain stock transactions had by the plaintiff with the firm of which E. D. Bangs was a member. The writ is dated October 17, 1901.

In the Superior Court, the case was sent to an auditor who filed his report on April 5, 1904. At the trial in September, 1904, before a judge without a jury, the plaintiff moved to have the report recommitted to the auditor, on the ground that the auditor had admitted incompetent and irrelevant evidence, and that the findings of fact were based upon such evidence. The judge declined to recommit the report, and suggested that the parties go on and argue the case, and he would decide later whether to recommit the report, or to make rulings concerning the law and findings of fact.

The case was then heard upon the auditor's report alone, and fully argued. At the close, the counsel for the plaintiff said that he would like to save the same rights as he did before the auditor, and save the same exceptions.

Subsequently the judge filed the following memorandum : " After due consideration, I rule that the auditor did not commit any errors which require me, as matter of law, to recommit the report, and, as a matter of discretion, I decline to recommit it. And there being no evidence but the auditor's report, I find on that report for the defendant, and I rule that I have a right so to do. Whatever exceptions the plaintiff has under these facts and rulings are saved to her."

The judge subsequently allowed a bill of exceptions which set forth the nature of the case and the evidence so far as excepted to before the auditor. The record contains also the auditor's report and the pleadings.

We doubt whether there is any question of law properly before us. A motion to recommit an auditor's report is addressed to the discretion of the presiding judge, and his ruling is not subject to exception. *Kendall* v. *Weaver,* 1 Allen, 277. *Packard* v. *Reynolds,* 100 Mass. 153. *Butterworth* v. *Western Assur. Co.* 132 Mass. 489. An exception to this rule has been made where the rule to the auditor provides that his findings on matters of fact are to be final. *Tripp* v. *Macomber,* 187 Mass. 109.

In *Briggs* v. *Gilman*, 127 Mass. 530, it was said by Chief Justice Gray: "If one of the findings of the auditor appears to the court, upon the facts reported by him, to be erroneous in matter of law, or in excess of the authority conferred by the rule of reference, the jury may be instructed accordingly, and so much of his report stricken out, leaving the rest to have its proper weight and effect. . . . But an objection to a portion of the evidence upon which the auditor has based his conclusion cannot be taken, as matter of right, except by motion to recommit the report to the auditor before the trial." See also *Kendall* v. *May*, 10 Allen, 59, 66; *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 331; *Briggs* v. *Gilman*, 127 Mass. 530; *Eagan* v. *Luby*, 133 Mass. 543; *Collins* v. *Wickwire*, 162 Mass. 143.

The plaintiff in the case at bar made no motion to recommit until the trial, nor did she ask for any ruling upon any portion of the report.

Assuming that the questions raised are properly before us, we see no error in the finding of the judge.

The St. of 1901, c. 459, upon which the plaintiff brings her action, has this qualifying clause: "But no person shall have any right of action under this act if for his account such other party to the contract or the person so employed makes, in accordance with the terms of the contract or employment, personally or by agent, an actual purchase or sale of said securities or commodities, or a valid contract therefor."

The auditor found as follows: "Upon the plaintiff's own testimony I further find that she intended that said firm should actually purchase for her account the securities ordered by her to be purchased, and should actually receive the same, and that they should actually, for her account, sell the securities ordered by her to be sold, and should actually deliver the same, and that the members of said firm had reasonable cause to believe that this was her intention."

The auditor further found "that said firm in accordance with the terms of the contract or employment in each instance actually purchased for her account and received the securities ordered by the plaintiff to be bought, and that . . . in each instance they actually sold for her account and delivered the securities ordered by her to be sold."

The plaintiff contends that these facts were found on incompetent evidence, relying upon the rule of law that books of account are not of themselves competent evidence, (see *Gould* v. *Hartley*, 187 Mass. 561,) and that the knowledge of the witnesses who testified was derived from the books alone. The books were not introduced in evidence, and we need not consider whether they might have been or not. The plaintiff contends that as the books could not be put in evidence, a witness could not refresh his recollection from the books; but we know of no principle of law to this effect. The rule is otherwise. See *Chapin* v. *Lapham*, 20 Pick. 467, 473; *Coffin* v. *Vincent*, 12 Cush. 98; *Commonwealth* v. *Ford*, 130 Mass. 64; *Commonwealth* v. *Kennedy*, 170 Mass. 18, 24. The witness who testified to the transactions in New York did not, as we understand his testimony, testify from hearsay, but from his personal knowledge. His answer is in part: " Refreshing my recollection from the original entry which I knew at the time to be correct," etc. So as to the witness called as to the Boston transactions. He was a member of the firm of E. D. Bangs and Company, and testified after refreshing his recollection from the books regularly kept by the firm, many of the entries referred to being in his own handwriting.

We see also no objection to the admission in evidence of the general nature of the business done by the firm of E. D. Bangs and Company, including evidence to the effect that in regular course what were known as Boston orders were executed by an actual purchase or sale of the securities on the floor of the Stock Exchange in Boston, and that what were known as New York orders were sent by telegraph to their agents in New York, to be executed by them, and that there never were any fictitious purchases or sales.

*Exceptions overruled.*

*V. J. Loring*, for the plaintiff.
*G. L. Huntress*, for the defendants.