COMMONWEALTH *vs.* HYMAN GUSSMAN.

Suffolk.    May 19, 1913. — June 18, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Weights and Measures.    Constitutional Law.    Interstate Commerce.*

St. 1902, c. 115, providing that a barrel of sweet potatoes shall contain one hundred and fifty pounds, is not a regulation of interstate commerce, and is constitutional.

St. 1907, c. 394, as amended by St. 1911, c. 163, providing that whoever gives or attempts to give false or insufficient measure shall be punished as there stated, is constitutional, and is not unconstitutional as applied to a sale by insufficient measure of a barrel of sweet potatoes in the original package in which they were brought from another State.

COMPLAINT in the Municipal Court of the City of Boston under St. 1907, c. 394, as amended by St. 1911, c. 163, charging that the defendant on August 26, 1912, sold as a barrel of sweet potatoes a package containing sweet potatoes weighing only one hundred

and twenty-nine pounds in violation of R. L. c. 62, § 3, as amended by St. 1902, c. 115, and St. 1911, c. 397.

On appeal to the Superior Court the case was tried before *Brown,* J., upon an agreed statement of facts, stated in substance in the opinion. The defendant asked the judge to rule, that upon all the evidence the defendant was entitled to a verdict of not guilty; that St. 1907, c. 394, and St. 1911, c. 163, are unconstitutional; that St. 1902, c. 115, and St. 1911, c. 397, are unconstitutional; that the statutes above named are an interference with commerce among the several States; that no State has the right to fix by legislation the standard of weights and measures; and that the statutes above named are inoperative and void in relation to a sale in the original package. The judge refused to make any of the rulings requested by the defendant, and the jury returned a verdict of guilty. The defendant alleged exceptions.

The case was submitted on briefs.

*J. S. Spencer,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

RUGG, C. J. This complaint charges that the defendant sold as and for a barrel of sweet potatoes a quantity much less than one hundred and fifty pounds, the standard weight therefor established by St. 1902, c. 115. The agreed facts are that the defendant bought two hundred barrels of sweet potatoes in the State of Maryland, which were shipped to him at Boston in interstate commerce. Just as a team loaded with some of these barrels on its way from the freight station had reached the defendant's place of business, he sold from it a single barrel in the same condition in which it had come from Maryland, the contents of which weighed one hundred and twenty-nine pounds.

The defendant presented many requests, which raise in various forms the constitutionality of the statute. It is contended that the statute is a direct regulation of interstate commerce. But this is not so. It does not affect interstate commerce in any degree. It imposes no burden upon it. It simply provides that in this Commonwealth when one sells sweet potatoes by the barrel this shall mean not less than one hundred and fifty pounds in weight. The statute makes no provision against selling in the original package in which the potatoes came from another State. It does not

directly or indirectly affect such a sale. The defendant might have sold this barrel by weight or in any other way except as and for a barrel of sweet potatoes, 'without hindrance. The effect of our statute is that when such goods are sold by the barrel that shall mean a certain weight. No question as to freedom of interstate commerce is raised on this record. It is an ancient and perfectly well settled branch of the legislative power of the State to enact statutes as to the weight in avoirdupois of potatoes, grain and other articles commonly bought and sold by dry measure.

Congress has not undertaken to cover this subject under its authority "to fix the standard of weights and measures." Hence it is not necessary to discuss the limits of its power in that direction. The field is left open in this regard to the several States.

There is no discrimination in this statute against goods brought here from another State. The extent of this statute is that it defines the meaning in weight of the term barrel, and imposes a penalty upon all who sell under that description less than the required number of pounds. The statute is simply an attempt to protect the public against fraud or cheating in the sale of these articles and to insure to all like measure when buying sweet potatoes by the barrel. This is well within the power of the Legislature and violates no provision of the State or Federal, Constitution.

*Exceptions overruled.*