HYMAN E. KAPLAN & another *vs.* HERMAN GROSS & trustee.

Suffolk. October 22, 1915. — March 2, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Evidence,* Best and secondary, Book entries. *Witness,* Refreshing recollection. *Practice, Civil,* Exceptions. *Words,* "Account."

In an action, where it was material to show the number of glass fruit jars on hand at a certain time constituting a certain stock in trade, an inventory was offered in evidence which was made by a witness who testified that he counted the stock at that date personally with the exception of some of the jars that could not be counted because they were packed in bins and that as to these he took the record from a stock book that he kept by making entries from slips that were turned into the office by the glass blowers who made the jars. *Held,* that this inventory was not admissible independently of St. 1913, c. 288, and that it properly could not be admitted under that statute because the objectionable entries in the inventory were not entries "in an account kept in a book or by a card system or by any other system of keeping accounts," to which alone that statute relates.

In the case stated above, after the inventory wrongly had been admitted in evidence under the statute, there was testimony of the plaintiff's son tending to show that the defendant admitted that the inventory correctly described the number of fruit jars on hand when it was made, but there was nothing to show that this testimony was believed by the judge before whom the case was tried without a jury. *Held,* that this subsequent evidence did not cure the error of wrongly admitting the inventory under the statute, and that an exception to its admission should be sustained.

A witness cannot be allowed to refresh his recollection by a paper containing statements in regard to matters of which he never had any personal knowledge, because he can have no recollection to refresh.

---

* *Hall,* J.

CROSBY, J. The plaintiff Hyman E. Kaplan and the defendant entered into a partnership in August, 1912, for the manufacture of bottles and glass jars. The partnership took over the property of a business which previously had been conducted unsuccessfully by the plaintiff's son under the name of the Elk Flint Bottle Company. There was excepted out of this property about three thousand gross of fruit jars which, in accordance with a written agreement between the parties, were "to be set aside as the personal property of said Hyman E. Kaplan." The partnership was dissolved on March 28, 1913, and on that date the parties entered into a written agreement which recited among other things that the plaintiff had sold his interest in the business to the defendant, but that the plaintiff retained his ownership in the fruit jars above referred to, which were to remain upon the premises formerly occupied by the partnership until September 30, 1913, without charge for storage or custody. The agreement also provided that the defendant should account to the plaintiff for all sums received from the sale of such fruit jars less certain expenses incurred by the defendant in making such sales. This action is brought to recover the value of a portion of the fruit jars which the plaintiff alleges that the defendant has not accounted for or delivered to the plaintiff. The defendant admits that he owes the plaintiff for sixty gross of these jars.

1. For the purpose of showing the number of jars for which the defendant was liable to account, the plaintiff offered in evidence a certain inventory of stock made on August 27, 1912, about which time the partnership was formed. This inventory was taken by one Greenstein, who previously had been employed as a shipping clerk by the Elk Flint Bottle Company. The inventory was offered subject to the defendant's objection and exception. The undisputed evidence showed that the inventory was made by Greenstein, who testified that he counted the stock on that date "personally, with the exception of some of the jars I couldn't count owing to the fact that they were so packed in bins that we couldn't consistently count them, but I took the record from a stock book that I had at that time and kept." It also appeared that the way in which the witness had ascertained the number of jars that were in the bins was "by counting the slips that were turned into the office, going over those slips upon which

the [glass] blowers that made the ware were paid, and entering them into a book kept at the warehouse for that purpose."

It is plain that independently of St. 1913, c. 288, the inventory was not admissible to show the number of jars on hand at that time, as the witness testified that he took it from the stock book. If we assume that the stock on hand taken by Greenstein and entered upon the stock book was so taken and entered in the usual course of his employer's business and in the performance of his duties, still, aside from the St. of 1913, c. 288, the stock book would not be admissible. It is not contended by the plaintiff that the slips were made by the witness or that he had any personal knowledge of the entries thereon. It was settled by this court long before the passage of the statute that items in a book of account made from slips and entered by a clerk who had no personal knowledge of the transaction as shown upon the slips are inadmissible. *Atlas Shoe Co.* v. *Bloom,* 209 Mass. 563, 569. *Gould* v. *Hartley,* 187 Mass. 561. *Kent* v. *Garvin,* 1 Gray, 148.

2. When the inventory was offered by the plaintiff, the trial judge * said: "I am not sure, however, but what it is admissible under the statute." The defendant's counsel at that time stated in substance that it did not seem to him that the evidence was admissible under the statute and duly saved an exception. We are of opinion that the evidence was not admissible under the St. of 1913, c. 288. While this statute is a rule of evidence, it applies only to "an entry in an account kept in a book or by a card system or by any other system of keeping accounts." This statute, undoubtedly, was passed to change the law as laid down in *Kent* v. *Garvin* and similar cases that followed, and simply to relieve against the hardships sometimes experienced in making proof in accordance with the law there laid down. This language confines the operation of the statute to an entry in an account, using the word "account" in the sense of a series of charges for merchandise or other matter ordinarily the subject of a book account. The statute did not enlarge the kind of evidence which could be proved by books of account which heretofore was admissible when supported by the evidence of all parties to the entries in the

---

* *Hitchcock,* J., before whom the case was tried without a jury. He found for the plaintiff in the sum of $2,420 with interest from the date of the writ; and the defendant alleged exceptions.

book account. The reason why the entries in *Kent* v. *Garvin* were held incompetent was because they had been transferred to the book by a clerk, from entries or memoranda kept by another person, who was not called as a witness to support his entries and deliveries of the articles so charged. The statute authorizes the court to admit as evidence such entries if it is found that they were made in good faith, and in the regular course of business, and before the beginning of the proceeding. It is to be observed that the statute applies to "An entry in an account . . . book."

3. The plaintiff called as a witness in his behalf his son, Benjamin J. Kaplan, who testified with reference to Exhibit 6 (the inventory above referred to) that before the contract between the parties was made "he talked with the defendant concerning the quantity of jars on the premises and showed the jars and the inventory, Exhibit 6, to the defendant on the premises and discussed their value and quantity with him, and that the whole matter was gone over with the defendant before said contract was made." We are of opinion that, if this testimony was believed by the judge, it was evidence of an admission by the defendant that the inventory correctly described the number of fruit jars on hand when it was taken, but that did not make the inventory admissible, for the reason that the evidence did not have the same probative force and value as an admission that it would have had if admitted under the statute; besides there is nothing to show that the presiding judge believed the testimony offered to show an admission on the part of the defendant. It follows that the exception saved to the admissibility of the inventory was not affected by the subsequent evidence tending to show an admission by the defendant.

4. The defendant also excepted to the ruling by the trial judge that the witness Greenstein could refer to a paper entitled "Stock list taken on August 27th, 1912, by S. F. G.," to refresh his recollection. The witness testified that the paper represented stock taken by him on that date, and that as to the jars packed in the bins, he did not count them but took the record from the stock book that he had at that time and kept. This paper, if it was not the inventory, so called, and above referred to, or a copy of it (which does not clearly appear from the bill of exceptions), was made up in the same manner as the stock book from which the

inventory was taken; that is to say, it was made up in part from slips, the entries upon which the witness never had any personal knowledge of, so that it is obvious that the paper included items that could not have refreshed his memory. A witness cannot be allowed to refer to a paper to refresh his recollection with reference to a matter about which he never had any knowledge. Of course a witness may inspect a writing to refresh his recollection although it may be a copy or made by some one else if it aids his memory in testifying to facts, and such writing may be so used, although it does not refresh the recollection of the witness as to the circumstances of the particular occasion, if he is able to say from an inspection of such writing made by him that the facts are as therein stated. *Mayberry* v. *Holbrook,* 182 Mass. 463. *Commonwealth* v. *Burton,* 183 Mass. 153, 158. *Holden* v. *Prudential Ins. Co. of America,* 191 Mass. 461, 470.

The entry must be

*Exceptions sustained.*

*W. R. Scharton,* (*J. H. Maguire* with him,) for the defendant.
*W. Charak,* for the plaintiffs.