Annie E. King vs. Herbert Thompson,

Administrator Estate of A. Frank Pulsifer, and Trustees.

Kennebec.    Opinion August 28, 1917.

*Rule as to auditor's report making out prima facie case.    Right of either party to
action to impeach or support auditior's report.    Rule as to right of plaintiff
to recover under count for money had and received for services,
or labor performed, other than that set out in the
account annexed in the writ.*

Where a declaration contains two counts of which one is for work and labor
according to an account annexed for the sum of $3099.71 and the second is an
omnibus count with a specification that under it the plaintiff will show that
defendant owes her for labor some $3099.71 according to the account annexed
the second count is also in effect a count upon an account annexed for work and
labor.

Under the second count the claim of plaintiff is restricted and his right of recovery
limited by his specification.

The party reading an auditor's report may, as well as his adversary, produce
evidence in addition to it, and may prove items not allowed by the auditor, or
offer proof to contradict any part of it, without destroying the prima facie
effect of its findings unless they are thus successfully impeached or disproved.

Under a count for work and labor according to an account annexed, evidence of
other services or of the general performance of work and labor for the defendant
not addressed to the items specified in the account annexed, does not warrant
a finding for the plaintiff upon such account.

An objection to a portion of the evidence upon which an auditor has based his
conclusion cannot be taken as matter of right, except to recommit the report to
the auditor before trial.

No exception lies to the admission in evidence of an auditor's report, objected
to for the first time at the trial before the jury, upon the ground that his con-
clusions were based on incompetent evidence.

Although an auditor's report has once been accepted and been used at one trial,
when a new trial had been granted, it is within the discretion of the court to
order a recommitment of the report to the auditor.

Action of assumpsit to recover the sum of $3099.71 on account of
services rendered by plaintiff to defendant's intestate. Defendant
filed plea of general issue, and under brief statement filed plea of

statute of limitations.    Verdict for plaintiff in the sum of $3138.34. Defendant filed motion for new trial, and also exceptions.    Motion for new trial not considered.    Exceptions sustained and new trial ordered.

Case stated in opinion.

*George W. Heselton,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J.    This is an action of assumpsit originally brought against A. Frank Pulsifer.    An auditor was appointed and after hearing before him, defendant died intestate and his administrator, before trial by the jury, became the party defendant.    The writ is dated March 18, 1914.

The declaration contains two counts.    The first count is upon account annexed for the sum of three thousand ninety-nine dollars and seventy-one cents and the second is the general omnibus count with the specification that under it "the plaintiff will show that the defendant owes her for labor done between the date of April 29, 1884 and the date of the purchase of this writ, some three thousand ninety-nine dollars and seventy-one cents, according to the account annexed."

The latter commences with a charge under date of April 29, 1884, and ends with one under date of November 22, 1913.    Charges are made in each of the months between these dates except fourteen. Each charge is made under a specific date and is for either one day's or one-half day's labor or work in nursing the wife of intestate, who was the mother of plaintiff, or housework at the uniform rate of one dollar per day.    The second count therefore is substantially an account annexed for work and labor.    *Carson* v. *Calhoun,* 101 Maine, 456, 458; *Gooding* v. *Morgan,* 37 Maine, 419, 423;    See also *Pettingill* v. *Pettingill,* 64 Maine, 350, 358, 359.    *Cape Elizabeth* v. *Lombard,* 70 Maine, 396, 400, is not authority to the contrary.    Nor is the dictum in *Dexter Savings Bank* v. *Copeland,* 72 Maine, 220, 222. The specifications necessary for a valid attachment of real estate may be relied upon by the defendant equally with those filed by plaintiff under Rule XI.    Primarily the former are for the informa-

tion of creditors and purchasers, *Saco* v. *Hopkinson,* 29 Maine, 268, 271; see also *Fairbanks* v. *Stanley,* 18 Maine, 296, 302, *Jordan* v. *Keen,* 54 Maine, 417, but obviously it cannot be held that the defendant may not equally rely upon them. In *Carson* v. *Calhoun,* supra, the specification in the writ under the money count was not made to enable a valid attachment of real estate to be made and yet it is held that the claim of the plaintiff was restricted and his right of recovery limited by his specification.

At the October term, 1914, the defendant pleaded the general issue with brief statement invoking the statute of limitations and the case was sent to the auditor. It may be inferred that the report of the auditor was filed at the March term following. The cause was submitted to a jury at the March term, 1916, and resulted in a verdict for plaintiff in substantially the amount claimed in the account annexed. The case is before this court upon exceptions and the usual motion for new trial.

In the bill of exceptions are found thirteen exceptions to refusals to instruct the jury as requested, numerous exceptions to the admission and exclusion of evidence, six exceptions to the charge to the jury of the presiding Justice and exceptions to the admission of substantially the whole of the report of the auditor, as based upon incompetent evidence.

The first exception to refusals to instruct is ''The plaintiff having attacked the auditor's report which was put in by her, that report no longer makes for her a prima facie case, and she must prove otherwise all the elements necessary to make out her case.'' The statute regarding auditors provides that their ''report is prima facie evidence upon such matters only, as are expressly embraced in the order.'' ''Their report may be used as evidence by either party, and may be disproved by other evidence.'' R. S., (1903) Chap. 84, Secs. 83, 85. Here is found nothing to indicate that impeachment or disproof of the report is confined to the party not offering it, but rather the contrary. So it is held in *Howard* v. *Kimball,* 65 Maine, 308, 326, 327, 328, 329, where the report was offered by plaintiff and wherein the court says: ''The defendant was at liberty to put in the same evidence which was before the auditor or such other evidence pertinent to the case before the jury as he desired and this right does not seem to have been abridged. Either party has that right and will commonly find it necessary to avail himself of it, as to disputed items, whether the

object be to impeach or to support the auditor's report," without destroying the prima facie effect of its findings unless successfully impeached or disproved. To the same effect is *Kendall* v. *Weaver*, where again the report was offered by plaintiff, the court saying: "The party reading it may, as well as his adversary, produce evidence in addition to it, and may prove items not allowed by the auditor, or offer proof to contradict any part of it." 1 Allen, 277, 278, 279. See *Smith* v. *California Ins. Co.*, 87 Maine, 190, 195. The instructions given by the Justice presiding were without error.

In view of the conclusion to which the court must come upon the exceptions discussed below, which will render a new trial necessary, it is deemed profitless to consider the other exceptions to the charge of the presiding Justice or to his refusals to instruct, or other exceptions to the admission or exclusion of evidence.

The following question was addressed by plaintiff to one of her witnesses, a daughter of the plaintiff, subject to objection and exceptions.

"Q. From that time down (when witness was ten years old) what is your best judgment of the amount of time your grandmother was able to do her own housework?

A. She was not able to do her own work one half of the time, near."

The obvious intention was to show that the inability of the defendant to perform work, was proof of, or tended to prove, items of the account annexed. Each item of the account annexed is or may be a separate contract of itself; *Bennett* v. *Davis*, 62 Maine, 544; *Turgeon* v. *Cote*, 88 Maine, 108, 111.

Vagueness and indefiniteness of proof are as much an objection to sustaining a count for money had and received as they are in other actions; *Titcomb* v. *Powers*, 108 Maine, 347, 348, 349. And we conceive that clear and definite evidence is as essential in proof of the items of an account annexed. The question, moreover, calls not for a statement of fact but for the judgment of the witness. We think the question inadmissible and the exception is sustained.

Exceptions are taken to the refusal of the court to rule, as requested by defendant, that "the plaintiff is only entitled to recover in this action for the services specified in her account and you are not authorized to found your verdict on any other services." It follows, we think, from our conclusions already reached, that the instruction

requested should have been given. While it is probably true that the formal count in quantum meruit is no longer necessary in any case; Lawes Pl. in Assumpsit, 504, and that the value of work and labor done may be recovered under a general count in indebitatus assumpsit, it should be noted that such general count makes no attempt to set out or specify the particular labor performed. Such, as we have seen, is not the case in the present action. The exception is sustained.

Much of the confusion which has arisen in the case might have been avoided by different procedure. The defendant objects that the report of the auditor, or substantially the whole of it, is based upon illegal evidence. In *Briggs* v. *Gilman*, it is correctly stated that "The object of the statute by which the courts are authorized to refer cases to auditors and to require their reports to be read as prima facie evidence, although neither party may desire it, is to simplify and elucidate the issue to be tried. . . . If one of the findings of the auditor appears to the court, upon the facts reported by him, to be erroneous in matter of law, or in excess of the authority conferred by the rule of reference, the jury may be instructed accordingly, and so much of his report stricken out, leaving the rest to have its proper weight and effect. . . . But an objection to a portion of the evidence upon which the auditor has based his conclusion cannot be taken, as matter of right, except by motion to recommit the report to the auditor before the trial. To allow such an objection to be taken for the first time, at the trial, as a ground for rejecting the whole report and proceeding to trial without it, would defeat the purpose of the statute." 127 Mass., 530, 531, and cases cited. See also *Silver* v. *Worcester*, 72 Maine, 322, 325. *Collins* v. *Wickwire*, 162 Mass., 143, 145; *Harvard Brewing Co.* v. *Killian*, 222 Mass., 13, 15. And again it has been decided by the same court that the objection that certain evidence contained in an auditor's report was inadmissible is no ground for excluding the report or for striking out the portions of it based on such evidence on a motion made at the trial. *Leverone* v. *Arancio*, 179 Mass., 439, 448; and cases cited. No exception lies to the admission in evidence of an auditor's report, objected to for the first time upon the grounds that his conclusions were based on incompetent evidence. *Winthrop* v. *Soule*, 175 Mass., 400. See also *Kendall* v. *May*, 10 Allen, 59; *Allwright* v. *Skillings*, 188 Mass., 538, 539, 540.

The provisions of the statute under which the decisions of the Supreme Judicial Court of Massachusetts were reached are substantially identical with our own. "Their report may be recommitted. They may be discharged and others appointed." R. S., Chap. 87, Sec. 88. (R. S., 1903, Chap. 84, Sec. 84). We find nothing in the decisions of our own court holding otherwise. As a new trial is ordered, application for recommitment of the report may be made in vacation. (R. S., Chap. 87, Sec. 37) or at the next term. *Phillips* v. *Gerry,* 75 Maine, 277, 279. The motion for new trial is not considered.

<div style="text-align:center;">

*The exceptions are sustained and new trial ordered.*