BERWICK AND SMITH COMPANY *vs.* SALEM PRESS, INC.

Middlesex. November 5, 1953. — March 4, 1954.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Custom. Contract,* Construction, Custom. *Evidence,* Extrinsic affecting writing. *Law or Fact. Practice, Civil,* Leave reserved.

In the disposition of a motion for the entry of a verdict for the defendant under leave reserved, the same test is applied as in the case of a motion for a directed verdict for the defendant. [196]

The construction of a contract based on an ambiguous written bid, to explain which evidence of a custom in the trade was introduced, was not a question of law for the court. [198]

A bid for binding a two volume book submitted by a printer to and accepted by the publisher, in which the price for binding was quoted as "5,000 copies @ .561 10,000 copies @ .538," was ambiguous with respect to whether the unit price was per volume or for a set of two volumes and might properly be explained by the printer in an action against the publisher by proof of the existence of "a well recognized custom in the book production business" of submitting binding estimates on a per volume basis, even though the publisher did not actually know of the custom. [198]

CONTRACT. Writ in the Superior Court dated September 27, 1949.

The action was tried before *Collins,* J. The defendant alleged an exception to the denial of a motion for entry of a verdict in its favor under leave reserved.

*Timothy H. Donohue,* for the defendant.

*Thomas D. Burns,* (*Lee M. Friedman* with him,) for the plaintiff.

SPALDING, J. In this action of contract the plaintiff had a verdict which was recorded under leave reserved. The question for decision is whether the judge erred in denying the defendant's motion to enter a verdict in its favor. In determining whether such a motion should be granted the same test is applied as in the case of a motion for a directed verdict. *Holton* v. *Shepard,* 291 Mass. 513,

515. *Potter* v. *Dunphy*, 297 Mass. 345. *Brightman* v. *Blanchette*, 307 Mass. 584.

The plaintiff is a corporation engaged in the business of printing books. The defendant, also a corporation, proposed to publish a two volume work called "Masterplots" and desired to have the plaintiff print and bind the work and to supply the paper for it. During the period here material one Walton C. Allen was manager of the plaintiff. He had been in the publishing business since 1920 and during that time had "estimated many thousands of jobs for publishers." In April, 1949, the plaintiff was requested by one Lightbown to submit to Frank N. Magill, general manager and principal officer of the defendant and the author of "Masterplots," estimates for the paper, printing, and binding involved in publishing this work. On April 25, 1949, the plaintiff submitted an estimate for the paper and printing of "Masterplots 2 Volumes Quantity 5,000 each/10,000 each." The plaintiff concedes that this was an estimate for 5,000 or 10,000 sets. Two days later, April 27, the plaintiff submitted a bid for binding "Masterplots Volumes I & II Quantity 5,000/10,000." The price was quoted as "5,000 copies @ .561 10,000 copies @ .538." On May 12 Allen and Magill met for the first time and Magill requested Allen to proceed with the work. On May 16 the defendant by one Brown wrote to Allen confirming the "verbal order placed with you on May 12 by Mr. Frank N. Magill, for 5,000 copies of a two volume book known as Masterplots." It is agreed that Brown was authorized to act for the defendant. The books were subsequently printed and delivered to the defendant and a bill was sent to it on July 30, 1949. In the bill the charge for binding was $.561 per volume.[1] Shortly thereafter the defendant directed the plaintiff's attention to the fact that it had been overcharged with respect to the binding. The defendant's position was that the plaintiff's bid of $.561 was the price

[1] Inasmuch as approximately 10,000 volumes were bound, the price, as the plaintiff concedes, should have been fixed on that basis rather than on the basis of 5,000 copies and an adjustment was made accordingly.

for a set of two volumes; the plaintiff contended that the bid was on a per volume basis. It appeared that "Masterplots" was the defendant's first publication, and that although Magill "was familiar with the printing of books" when he first met Allen "he had never had a book printed before." Allen testified that binding estimates are submitted on a per volume basis and "that is a well recognized custom in the book production business and that he was aware of it when he first met Magill." The foregoing is a summary of the evidence in its aspect most favorable to the plaintiff.

There was no error.

The defendant's contention that the agreement was unambiguous and that its construction presented a question of law for the court cannot be sustained. In support of this contention the defendant relies to a considerable extent on a proposal alleged to have been submitted to the plaintiff by the defendant which was introduced in evidence as exhibit 12. But it could have been found that this proposal was never received by the plaintiff. The controversy here stems from the different interpretations placed by the parties on the expression "5,000 copies @ .561 10,000 copies @ .538" contained in the plaintiff's bid of April 27. But this expression was not unambiguous and it was permissible for the plaintiff to explain its meaning by resort to usages of the trade. *Ford* v. *Tirrell*, 9 Gray, 401. *Lynn Safe Deposit & Trust Co.* v. *Andrews*, 180 Mass. 527, 533–534. *Harvard Brewing Co.* v. *Killian*, 222 Mass. 13. Restatement: Contracts, § 248 (2), illustration 5. The existence of the usage is a question of fact to be determined by the jury. *Daniels* v. *Hudson River Fire Ins. Co.* 12 Cush. 416, 429. *Barrie* v. *Quinby*, 206 Mass. 259, 265. *Cronan* v. *Hornblower*, 211 Mass. 538, 541. That Magill may not have known of the usage in the publishing trade referred to in Allen's testimony is not controlling. "Where the usage is established the presumption is that the parties contracted with reference to it." *Baccari* v. *B. Perini & Sons, Inc.* 293 Mass. 297, 304. That is especially true

where both parties are engaged in the same trade. Restatement: Contracts, § 248 (2). The plaintiff was not obliged to prove actual knowledge of the usage on the part of the defendant. *A. J. Tower Co.* v. *Southern Pacific Co.* 184 Mass. 472, 475. See *Rice & Lockwood Lumber Co.* v. *Boston & Maine Railroad,* 308 Mass. 101. The case was rightly submitted to the jury.

*Exceptions overruled.*