CORNELIUS THIBEAULT vs. GEORGE W. PICKERING
COMPANY.

Essex.    June 12, 1974. — July 3, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Custom.    Contract,* Custom.    *Evidence,* Of custom.

In an action against a heating contractor, which installed a hot water
heating system in a building of the plaintiff, for failure of the
system due to the fact that a concrete floor was poured directly
on top of and around pipes and risers of the system without allow-
ance for expansion of the pipes and risers when hot water was
circulated through the system, the parties' contract being silent on
the matter of providing for such expansion, it was error to admit
evidence proffered by the plaintiff of a custom of the trade that
the heating contractor provide therefor where there was no evi-
dence that any such custom was so generally understood in the
locality involved that the parties could be considered to have con-
tracted with reference to it [423]; it was also error to allow an
answer to a question whether a heating contractor who had not
provided for such expansion had performed in a "workmanlike
manner" as required by the contract [423]; and the plaintiff in the
circumstances could not recover under either a count in contract
or one in tort [424-425].

CONTRACT OR TORT.    Writ in the Superior Court dated
December 11, 1964.

The action was heard before *Vallely,* J.

*Edward Rabinovitz* for the plaintiff.

*Raymond J. Kenney, Jr.,* for the defendant.

GRANT, J.    This is an action, with a count in contract
and one in tort, by which the plaintiff, a veterinarian,
seeks to recover the various damages sustained by him by
reason of the failure of a heating system installed by the
defendant in a building on the plaintiff's property in

Ipswich which was being renovated for use as a dog kennel. The jury returned verdicts for the plaintiff on both counts. The case is here on the exceptions of both parties to evidentiary rulings made by the trial judge, and on the plaintiff's exception to the action of the judge in taking the verdicts under leave reserved and subsequently ordering the entry of verdicts for the defendant.

The heating system in question was of the forced hot water type, with horizontal circulating hot water pipes to be located under a concrete floor and with vertical risers leading from those pipes to radiation units attached to the walls of the building. There is no dispute that the principal, if not the sole, cause of the failure of the system was that the concrete for the floor was poured directly on top of the horizontal pipes and directly against and around the vertical risers without making adequate provision for the expansion of the pipes and risers which was bound to and did occur as hot water was circulated through the system. The stresses caused by the expansion of the pipes and risers directly against the concrete caused the system to leak in several places, and so badly that ultimately the floor had to be torn up and the entire system replaced. There was evidence, elicited from an expert witness for the plaintiff, that adequate provision for expansion could have been made either by the defendant in the course of installing the pipes and risers or by the masonry contractor prior to the pouring of the concrete.

We do not know who may have recommended, selected or designed the system. We do know, from the plaintiff's own testimony, that in the course of the renovation of the building he acted as his own general contractor in the sense that he hired individual people to do individual responsible jobs and kept to himself the work of coördinating the various jobs which had to be completed. Both parties knew that a concrete floor was to be laid. The written agreement between them, while providing that "all material and equipment shall be

Thibeault *v.* George W. Pickering Co.

installed in a workmanlike manner," was completely silent on the question of making provision for expansion of the pipes and risers. [1]

It was for this reason that the plaintiff offered evidence, which was received over the objection and subject to the exception of the defendant, to the effect that it was the custom of the trade that the heating contractor take the steps necessary to provide for the expansion of the pipes and risers installed by him whenever a concrete floor was to be laid. That evidence should have been excluded for the complete lack of any proper foundation, as there was no evidence that any such custom of the trade was sufficiently widespread or generally understood in or around Ipswich at the time of the execution of the agreement that the parties could be said to have contracted with reference to it. See *Scudder* v. *Bradbury,* 106 Mass. 422, 424-425, 428 (1871); *Barrie* v. *Quinby,* 206 Mass. 259, 265 (1910); *Puffer Mfg. Co.* v. *Yeager,* 230 Mass. 557, 561-562 (1918); *Baccari* v. *B. Perini & Sons, Inc.* 293 Mass. 297, 302-304 (1936); *Caggiano* v. *Marchegiano,* 327 Mass. 574, 579-580 (1951). Contrast *Berwick & Smith Co.* v. *Salem Press, Inc.* 331 Mass. 196, 198-199 (1954). The defendant's exceptions to the admission of such evidence are sustained.

On similar reasoning, it was error to allow the answer to a question whether a heating contractor who had not made provision for expansion of the pipes and risers installed by him had performed his work in a good and workmanlike manner. The question was predicated on the impermissible assumption that a custom of the trade imposed a duty on the defendant which had not been imposed by the written agreement.

---

[1] The plaintiff concedes in one of his briefs that "[t]he contract itself does not deal expressly with the question of who will be responsible for providing for expansion of the pipes."

We turn now to the allegations of the declaration. The gravamen of the count in contract is that the defendant failed to perform in a workmanlike manner in that it failed to make adequate provision for the expansion of the pipes. We have already seen that the defendant made no written undertaking to provide for such expansion. When we exclude from our consideration the evidence which we have already held was improperly admitted, it is clear that the count in contract was based on the failure to perform a contractual obligation which the defendant never assumed, either expressly or impliedly. It follows that there was no error in ordering the entry of a verdict for the defendant on that count.

The count in tort also refers to the written agreement and alleges that the defendant was "negligent, careless and unskillful in the performance of its work under the said agreement." The defendant's duty arose out of and was to be measured by the terms of the written agreement (*Abrams* v. *Factory Mut. Liab. Ins. Co.* 298 Mass. 141, 144 [1937]), which did not include a duty to make provision for expansion of the pipes. Although the evidence lent a certain aura of negligence to the manner in which the defendant repaired leaks which were discovered in two pipe joints during pressure tests which were conducted before the concrete floor was poured, there was uncontradicted evidence that those leaks were in fact repaired. Although two joints were found to be pulled apart and leaking when the floor was torn up five years later, they were not shown to have been the same two joints observed during the pressure tests, and it was matter for conjecture whether the joints leaked because they had originally been improperly assembled or repaired or because they had subsequently been pulled apart by the stresses of expansion. In any event, the plaintiff failed to show what part of his losses may have been attributable to the negligence of the defendant (if any) in failing to supply proper joints or to assemble the joints properly. Compare *A. DaPrato Co.* v. *Boston*,

334 Mass. 186, 188-189 (1956), and the cases cited therein. Accordingly, there was no error in ordering the entry of a verdict for the defendant on the count in tort.

The plaintiff's exceptions to evidentiary rulings all relate to the exclusion of questions relating to the amount of damages sustained by him. As none of the answers sought would have supplied any of the deficiencies in the proof on the issue of liability, we need not consider those exceptions.

Such of the defendant's exceptions as have been discussed in this opinion are sustained; the plaintiff's exceptions are overruled; judgment is to be entered for the defendant.

*So ordered.*