FRED B. TAYLOR & another *vs.* DANIEL J. HARRINGTON.

Hampden.    October 17, 1922. — December 1, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Frauds, Statute of. Evidence,* Books of entry.

At the trial of an action for the purchase price of certain building material, the answer set up a defence that the contract sought to be enforced was an agreement to answer for the debt, default or misdoing of another, that it was not in writing and was unenforceable by reason of G. L. c. 259, § 1. There was evidence that the materials were for the construction of houses of a building trust, that the "principal party" in the trust was a bankrupt who, since his bankruptcy, had been carrying on the business of a builder in the name of his wife, that he was the builder of the houses in question and that the defendant was his superintendent in charge; that, in preliminary negotiations between the plaintiff and the defendant relating to the furnishing of the goods in question, the plaintiff refused to charge the goods to the trust or to the builder and told the defendant that he would charge them to him and would look to him for payment, to which the defendant assented; and that the materials were delivered and used in the construction of the buildings of the trust. *Held,* that

(1) Further testimony of the plaintiff, in substance that he knew, when the defendant brought to him the list of materials sought and asked him to figure on it, that he was buying it as a representative of the trust, was not inconsistent with his testimony, if believed, that the defendant agreed to pay for the materials after the refusal of the plaintiff to charge them to the trust;

(2) The jury were warranted in finding that the materials were sold and delivered to the defendant upon his personal credit and not to him in his representative capacity, and therefore that the agreement was not one to answer for the debt, default or misdoing of another and G. L. c. 259, § 1, was not as a matter of law a bar to the action.

In the action above described, the defendant also relied on the defence that, the value of the goods being more than $500, the action was barred by G. L. c. 106, § 6, contending that there was no memorandum in writing and no part payment or acceptance and receipt of any part of the goods. The evidence warranted a finding that the goods were received and accepted by the defendant as a performance of the contract when they were delivered at the place designated by the

contract and were there used and incorporated in the buildings under the direction and with the assent of the defendant. *Held,* that G. L. c. 106, § 6, was not, as a matter of law, a bar to the action.

At the trial of an action upon an account annexed, the plaintiff testified without objection that the items annexed to the declaration were charged to the defendant, and to no one else, in a day book or journal, a book of original entries, and were then posted to the ledger. The day book and the ledger were offered in evidence and were admitted to show to whom the account was charged. *Held,* that

(1) It must be assumed that the trial judge found that the entries were made in good faith, in the regular course of business, and before the beginning of the civil proceedings in question;

(2) Under G. L. c. 233, § 78, the books were admissible in evidence for the purpose for which they were offered.

CONTRACT, with a declaration upon an account annexed for $1,794.65, a balance alleged to be due, with interest, upon the purchase price of certain building materials. Writ dated February 13, 1918.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be entered in his favor. The motion was denied. The jury found for the plaintiffs in the sum of $2,175.73; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*G. H. Hughes & W. G. Brownson,* for the plaintiffs.

PIERCE, J. This is an action of contract to recover for building material in value exceeding $500, alleged to have been sold and delivered to the defendant, and also a notarial fee for a protested check. Authorized by the pleadings the defendant contends that, on the plaintiffs' evidence, if an agreement was made between them and the defendant it was an agreement to answer for the debt, default or misdoing of another, and, not being in writing, is unenforceable. R. L. c. 74, § 1 (now G. L. c. 259, § 1).

The evidence warranted a finding that the plaintiffs knew the defendant intimately when the alleged contract was made with him in June, 1917; that they knew he was an employee of or connected with the builder of the apartment block wherein the material purchased was to be and was used; that they knew that the builder, one Edward Radding, was a bankrupt doing business in the name of his wife and knew that he was the "principal

party" in the Meadow Court Realty Trust Company which was organized after the bankruptcy of Radding and which owned the property.

No question appears to have been raised at the trial and none is presented by the record as to the price charged or to dispute that the items of the account were in fact delivered at the buildings as directed and were used therein or thereupon.

On the issue of the original liability of the defendant to the plaintiffs, the evidence warranted a finding that the defendant, then superintendent in charge of the construction of the buildings on Central Street and on Cedar and James streets in Springfield, owned by the Meadow Court Realty Trust, saw one of the plaintiffs and asked and received of him the price for oak and rift flooring for the Central Street building; that the defendant said the price was satisfactory and told the plaintiff the quantity needed and where to send it; that the defendant furnished the plaintiffs with a complete list of the materials needed for the Cedar and James streets apartments and agreed upon a contract price for the whole material; and that the materials were furnished and delivered as agreed and directed and were used in the building to which they were sent.

The evidence warranted the further finding by the jury that the plaintiffs refused to charge the materials to the Meadow Court Realty Trust or to Edward Radding, and before selling or delivering the goods told the defendant "we would charge them to him and look to him . . . would not charge anything to Radding . . . [and] would not charge anything to Meadow Court; that if he wanted anything we would charge them to him and look to him for payment of them, . . . [and that the defendant] said, 'all right, go ahead and deliver them.'" The testimony of the plaintiff that " . . . [he] knew when the defendant brought this list of materials [for the James Street property] and asked me to figure on it that he was bringing it to me as a representative of the Meadow Court Realty Trust," is not inconsistent with his testimony, if believed, that the defendant agreed to pay for the materials after the refusal of the plaintiffs to charge them to the Meadow Court Realty Trust.

Should the jury find on the disputed testimony of the plaintiffs that the materials were sold and delivered to the defendant

upon his personal credit and not to him in his representative capacity, it is plain the agreement was not one to answer for the debt, default or misdoing of another and that the statute relied on as a defence is inapplicable.

The defendant next contends that the action is unenforceable because the alleged contract is one for the sale of goods of the value of $500 or more, without a memorandum, without part payment or earnest, and without acceptance and receipt of any part of the goods. St. 1908, c. 237, § 4 (see now G. L. c. 106, § 6). In this regard the evidence warranted a finding that the goods were received and accepted by the defendant as a performance of the contract when they were delivered at the place designated by the contract and were there used and incorporated in the buildings under the direction and with the assent of the defendant. *Houghton & Dutton Co.* v. *Journal Engraving Co.* 241 Mass. 541.

At the trial the plaintiffs testified without objection that the items annexed to the declaration were charged to the defendant, and to no one else, in a day book or journal, a book of original entries, and were then posted to the ledger. The day book and ledger were offered in evidence and were admitted, subject to the exception of the defendant, "to show to whom the account is charged." We think the books were admissible for the purpose offered under the terms of St. 1913, c. 288 (see now G. L. c. 233, § 78), if it be assumed as it must be that the court found that the entries were made in good faith, in the regular course of business, and before the beginning of the civil proceedings in question. *American Locomotive Co.* v. *Hamblen,* 217 Mass. 513. *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205. *Dickinson* v. *Boston,* 188 Mass. 595.

*Exceptions overruled.*