STANDARD OIL COMPANY OF NEW YORK *vs.* LIONEL
MALAGUTI & another.

Suffolk.    November 7, 1929. — November 14, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Entries in usual course of business, Inference, Of identity.
*Practice, Civil,* Auditor: report; Findings by judge.

An auditor to whom was referred, with an agreement of the parties that
his findings should be final, an action of contract upon an account an-
nexed for goods sold and delivered, against two defendants, alleged in
the writ to be copartners, found as follows: "The plaintiff's sales ledger,
introduced in evidence, contained charges to the defendants . . . cor-
responding to the items set out in the account annexed to its declara-
tion.    These charges were posted in the sales ledger from invoices
which were made up from delivery slips the same day the deliveries
were made.    These entries, I find, were made in good faith, in the
regular course of business and before this proceeding was commenced.
There was no other evidence in the case "; and he found for the plain-
tiff.    Upon the hearing of motions for judgment, the judge, ruling upon
requests by the defendant for rulings, stated that "as to the defend-
ants' request for rulings, my view of the law is that inasmuch as the
auditor has found for the plaintiff on the evidence supplied by the
account books, alone, it must be inferred that those books contain
sufficient to show all of the necessary elements required to prove a sale
of goods, and delivery of the goods to the defendants for a price."
Upon exceptions by the defendants after a finding for the plaintiff, it
was *held,* that

(1) Under G. L. c. 233, § 78, the entries in the plaintiff's books were
evidence that the goods were sold and delivered to the defendants as a
partnership;

(2) The statement of the judge meant, not that he felt under a
compulsion to make the inference therein stated, but that the reason-
able interpretation of the auditor's report was that the books of account
showed the elements stated, and that so far as it was a matter of in-
ference and interpretation he made such inference;

(3) Such a ruling and inference by the judge were correct;

(4) The general finding of the trial judge imported the drawing of all
rational inferences of which the case was susceptible and the finding of
all necessary subsidiary facts;

(5) Such a finding was not to be reversed if upon any view it could
be sustained;

(6) The exceptions were overruled.

CONTRACT for $896.46 against "Lionel & Estelle Mala-
guti . . . co-partners doing business under the firm name

and style of Commonwealth Ave. Garage," upon an account annexed of twenty-eight items for gasoline and oil sold and delivered. Writ in the Municipal Court of the City of Boston dated May 13, 1926.

On removal to the Superior Court, the action was heard by an auditor with an agreement of the parties that findings of fact by the auditor should be final, and afterwards by *Qua,* J., without a jury. The plaintiff moved for judgment in its favor and the defendants for judgment in their favor. The defendants asked for the following rulings:

"1. That upon the auditor's report and supplemental report only one conclusion is possible as a matter of law, namely that there is no proof of the indebtedness of the defendants as copartners, as alleged in the writ, to the plaintiff on any or all of the items declared on.

"2. Upon the auditor's report and supplemental report only one conclusion is possible as a matter of law, namely that there shall be a finding for the defendants.

"3. The auditor's finding for the plaintiff against the defendants for $896.46 with interest to be added from May 13, 1926, is upon the face of the report erroneous as a matter of law.

"4. The auditor's report containing a statement of all the evidence in the case, if the court rules that the auditor's conclusion of fact and finding is, upon the face of the report, erroneous as a matter of law, the court should not consider such conclusion of fact and finding, but should correct the error by drawing the conclusion and making the finding warranted and required, as matter of law, upon all the evidence as reported by the auditor, and by ordering judgment in accordance with the finding thus made by it.

"5. The writ alleging that the defendants are copartners doing business as such, and the answer alleging general denial, the plaintiff cannot recover in the absence of proof of the defendants' alleged copartnership, and the finding for the plaintiff is wrong as matter of law.

"6. There being no evidence of the defendants' express agreement to purchase goods, nor of their request or order for the delivery of goods, nor of their notice or knowledge

that the goods had been delivered to them by the plaintiff, the plaintiff cannot recover and the finding for the plaintiff is wrong as matter of law.

"7. There being no evidence of the reasonable value of the goods mentioned in any of the items in the account annexed, the finding for the plaintiff in the amount of $896.46 and interest, or for more than nominal damages, is wrong as matter of law."

The material findings by the auditor and rulings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $1,093.58. The defendant alleged exceptions.

*F. W. Mansfield*, for the defendants, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. This is an action of contract whereby the plaintiff seeks to recover against the defendants, alleged to be a copartnership, an aggregate of several items set forth in an account annexed. The case was referred to an auditor whose material findings are these: "The plaintiff's sales ledger, introduced in evidence, contained charges to the defendants for gas and oil delivered to them in various amounts and at different times corresponding to the items set out in the account annexed to its declaration. These charges were posted in the sales ledger from invoices which were made up from delivery slips the same day the deliveries were made. These entries, I find, were made in good faith, in the regular course of business and before this proceeding was commenced. There was no other evidence in the case. There was no evidence of any demand for payment prior to the date of the writ, and I find that the defendants are indebted to the plaintiff in the sum of Eight Hundred Ninety-six and 46/100 (896.46) dollars, with interest to be added from May 13, 1926, the date of the writ." The plaintiff filed a motion for judgment in its favor, as did also the defendants. The plaintiff's motion was allowed; the defendants' motion was denied subject to the exceptions of the defendants.

It is provided by G. L. c. 233, § 78, that "An entry in an account kept in a book . . . or by any other system of

keeping accounts shall not be inadmissible in any civil proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding aforesaid." It has been held that such an entry is admissible to show to whom the account is charged, that is to say, to whom the goods were sold and delivered. *Taylor* v. *Harrington*, 243 Mass. 210, 213. Although that decision related to a single defendant, in principle it is equally applicable to the case at bar where the account was charged against a partnership. The statute changed the preëxisting law as declared in *Keith* v. *Kibbe*, 10 Cush. 35, and numerous cases following it. There is nothing inconsistent with this conclusion in *Kaplan* v. *Gross*, 223 Mass. 152, 154. The judge stated that "as to the defendants' request for rulings, my view of the law is that inasmuch as the auditor has found for the plaintiff on the evidence supplied by the account books, alone, it must be inferred that those books contain sufficient to show all of the necessary elements required to prove a sale of goods, and delivery of the goods to the defendants for a price." We interpret this to mean not that the judge felt under a compulsion to make the inference, but that the reasonable interpretation of the auditor's report was that the books of account showed the elements stated, and that so far as it was a matter of inference and interpretation he made such inference. In this he was correct. Of course, a judge in passing upon an auditor's report so far as necessary draws his own inference from the facts stated. *Fisher* v. *Doe*, 204 Mass. 34, 40. The general finding of the trial judge imports the drawing of all rational inferences of which the case is susceptible and the finding of all necessary subsidiary facts, and that finding will not be reversed if upon any view it can be sustained. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. There was no error of law in the rulings made and in the denial of the requests presented.

*Exceptions overruled.*