Pettingell, J.
Action of contract in which the plaintiff seeks to recover on an account annexed. The defences relied upon at the trial were general denial and payment.
The evidence showed that, beginning in 1918 and continuing down to the sale of the goods in question, the plaintiff had been selling merchandise to Ray F. Webster and had maintained a continuous account on its books in the name of R. F. Webster. It also appeared that in May, 1931, the defendant Lillian Webster was duly appointed guardian of Ray F. Webster by the probate court and that the appointment was in effect when the goods in question were sold in 1933.
There was evidence that the business was known as the Webster Drug Company, and as the Webster Drug Stores; that the defendant was at the stores practically every day; that she signed the checks of the Webster Drug Company by which the general manager of the stores was paid; and *564 that she opened all mail addressed to the Webster Drug Stores. She also' testified that Miss McMahon, the bookkeeper, took charge of writing letters during 1931 and 1932.
There was a finding for the plaintiff. The report states that it contains all the evidence material to the questions reported.
It is evident at once that the report raises the issue of the personal liability of a guardian to those who sell merchandise to stores of the ward operated by the guardian. On the evidence which has been cited, the trial judge would be justified in finding that the defendant in this case was carrying on the ward’s business through the medium of his employees continued in employment and paid by her.
“The guardian cannot bind the person or estate of his ward by contract made by himself. Such contract binds himself personally, and recovery for breach of it must be had in an action against him. * * * He cannot escape liability on such contracts by reciting that he makes them in his official capacity; and it is immaterial, in a suit brought against him thereon, whether he is described by his official title or not. The judgment in either case must be against him personally, and the description has no legal effect. It may be disregarded as surplusage.” Rollins v. Marsh, 128 Mass. 116, at 118. See also, Peabody v. North, 161 Mass. 525, at 529.
The trial judge in this case, therefore, could have found that the defendant, as guardian, was personally liable for all merchandise ordered by her, or by her duly authorized agents, to be placed in. the ward’s stores for sale.
The error relied upon by the defendant is the admission, over her objection, of certain evidence, and the denial of seven rulings requested.
The objections made by the defendant to the admission of evidence number forty-five. Almost without exception they are wholly lacking in merit. . They have been carefully examined but it would be a waste of time and material to *565 set them out in detail. In contending that the plaintiff’s hooks of account were inadmissible without the presence of the bookkeeper who made the entries, the defendant loses sight of the fact that G. L. (Ter. Ed.) C. 233, §78, dealing with the admissibility of books of account, relates to “any civil proceeding” and that Commonwealth v. Perry, 248 Mass. 19, at 29, upon which the defendant relies, was not a “civil proceeding.” See American Locomotive Co. v. Hamblen, 217 Mass. 513, at 514, 515; Taylor v. Harrington, 243 Mass. 210, at 213. No other claim of error in respect to the admission of evidence has been found which has substance enough to warrant its discussion.
The rulings requested by the defendant and denied by the trial judge are as follows:
1. Upon all the evidence the plaintiff cannot recover.
2. There is no evidence in this case that any merchandise was sold and delivered to the defendant.
3. The evidence in this case shows that if any merchandise was sold it was sold to Bay F. "Webster and not to the defendant.
4. There is no evidence in this case that there was any merchandise sold to the defendant.
5. There is no evidence in this case that any merchandise was delivered to the defendant.
6. The plaintiff has failed to prove a sale and delivery of the items set forth in its declaration.
7. The defendant, is not personally liable for the items set forth in the plaintiff’s declaration.
Of these rulings, the first was properly denied as not conforming to Bule XXVII of the District Courts (1932 Ed.). The remaining requests all deal with the personal liability of the defendant for goods delivered to her ward’s stores or with the sufficiency of evidence to prove that the merchandise declared on was actually delivered. What has been said already, regarding the personal liability of a guardian for merchandise delivered to the ward’s stores, disposes of one of these issues.
*566 As to the other issue, proof of delivery, there was testimony that Dausch was general sales agent and buyer, that he was employed in the Webster Stores from June 1, 1932 to December, 1933, that the plaintiff’s claim covered deliveries from March, 1933, to November, 1933; that Dausch ordered goods from the plaintiff for the Webster Stores, that he saw goods delivered at the stores which had come from the plaintiff; that he discussed and checked the plaintiff’s account with the defendant’s bookkeeper and a representative of the plaintiff; that in 1934 the plaintiff received two letters from the Webster Drug Stores referring to payments on the account and to payment of a balance (amount not stated) due the plaintiff.
Furthermore, the plaintiff’s ledger account was some proof of a delivery of the articles of merchandise therein referred to. Standard Oil Company of New York v. Malaguti, 269 Mass. 126, at 129; Chadwick & Carr Co. v. Smith, Mass. Adv. Sh. (1936) 271, at 273.
The fact that the plaintiff continued the account in the name of E. F. Webster does not help the defendant in this case. There is no evidence that the plaintiff had knowledge of the guardianship, and the mere fact that the account stood in the name of the ward does not prevent the plaintiff from showing that the defendant was the one actually liable. Gardner v. Bean, 124 Mass. 347, at 348; Dyer v. Swift, 154 Mass. 159, at 162; Delano v. Goldstein, 281 Mass. 188, at 189.
The evidence of the manner in which the business was carried on in 1931 and 1932, and of the agency of Miss McMahon in those years, permits the inference, in the absence of anything to the contrary, that the same manner of doing business continued in 1933 and 1934. Currier v. Silloway, 1 Allen 19, at 20.
No prejudicial error appears, the report is to be dismissed.