Hibbard, P. J.
This is an action of contract in which the plaintiff seeks to recover the sum of $76.80 for merchandise sold and delivered. The answer is a general denial and plea of payment.
At the trial the plaintiff offered two exhibits through his wife who testified she was his book-keeper and kept his books of account in the usual course of business. The exhibits were a journal page showing the account of the defendant and a ledger sheet testified to as the original ledger sheet and containing the original entries. Both exhibits were admitted. The report is silent as to what further evidence if any was offered. The defendant seasonably made three requests for rulings as follows:
“1. On all the evidence the plaintiff failed to prove that the defendant owes him the amount declared on in his declaration.
*316 2. On all the evidence the plaintiff has failed to prove delivery of merchandise referred to in his declaration.
3. On all the evidence the plaintiff has failed to prove by a fair preponderance of the evidence that the defendant purchased the merchandise in question from the plaintiff.”
The Trial Judge denied all of these requests, found for the plaintiff but filed no decision setting forth his findings in other respects. The defendant claiming to be aggrieved by the refusal to rule as requested brings the case before us on a report.
The defendant argued but one point, namely, that the two exhibits were not sufficient evidence upon which could be based a finding for the plaintiff. Whether there was prejudicial error depends upon the validity of this contention.
If we assume that the requests were not for findings of fact which the Trial Judge was not required to give, Castano v. Leone, 278 Mass. 429, 430; Ashapa v. Reed, 280 Mass. 514, 516; and that they are phrased within the terms of District Court Rule 27 as amended, the defendant has no case. In Standard Oil Co. vs. Malagute, 269 Mass. 126, at 129, it was held that entries, similar to those here involved, standing alone warranted a finding that the goods were sold and delivered to the defendant.
It is to be assumed the Trial Judge made the preliminary findings required by the statute. (G. L. (Ter. Ed.) Ch. 233, §78 as amended). Taylor v. Harrington, 243 Mass. 210, 213.
From the evidence properly before him the Trial Judge was justified in his finding for the plaintiff. We find no prejudicial error and the report is dismissed.