Gadsby, J.
The plaintiff sues to recover the cost of merchandise sold to the defendant. The defendant’s answer was a general denial and payment.
At the trial there was evidence that the plaintiff is a wholesale dealer in gasoline and petroleum products which issues credit cards to motorists entitling them, upon presentation of the cards, to purchase at gasoline stations the plaintiff’s goods and thus to buy on credit the plaintiff’s products. The proprietor of the gasoline station forwards to the plaintiff a statement of the sales on account of each card. The plaintiff then pays the proprietor of the station in cash the amount of profit per gallon or other unit called for by the plaintiff’s contract with that dealer, and replaces in kind or amount the articles delivered by the dealer to the purchaser, in this way maintaining the dealer’s stock while giving him his profit.
*12 There was other evidence that the plaintiff issued a credit card to an individual having the same name as that of the defendant; that the individual having that card received from the gasoline station the articles described in the plaintiff’s declaration; that the defendant was not in court; that there was no evidence that the person who received the credit card from the plaintiff was the defendant except the similarity of name and no evidence of what the receiver of a credit card had to do to entitle him to receive a card,, or what the terms or agreements were between the plaintiff and the receiver of a card, or what the receiver of a card promised to do in case a credit card was issued.
There was no evidence that the defendant was the individual who received the merchandise described in the plaintiff’s declaration except as may be inferred from the similarity of name and the fact that the merchandise was charged to a person of that name upon the plaintiff’s books of account. There was no evidence as to the contents of a credit card, or that they were numbered or otherwise identified except by name, or that a purchaser was required to identify himself before making a purchase, or to sign any receipt or voucher for the goods received.
Before the final argument the defendant filed the following requests for ruling.
“1. There was not sufficient evidence from which the Court could find for the plaintiff. Not given * 2. The plaintiff’s failure to prove delivery is a bar to recovery. Not given, because inapplicable to the facts as found. 3. Mere books of accounts, without further evidence, showing no delivery and such an entry made by the plaintiff is not sufficient to warrant a recovery by the plaintiff. Given. 4. Delivery slips bearing the plaintiff’s signature, purported to be that of the defendant, cannot be introduced for that purpose as part of the books and accounts kept by the plaintiff in the regular course of business. Not given. 5. The plain *13 tiff did not prove the identity of the defendant. Not given, because inapplicable to the facts as found. 6. The plaintiff did not prove a contractual relationship with the defendant. Not given, because inapplicable to the facts as found. 7. The plaintiff did not prove an actual contract or an implied contract. Not given, because inapplicable to the facts as found. No other facts were found.”
The trial judge made the following “Memorandum of Decision.”
“This is an action of contract, wherein the plaintiff is asking to recover the sum of two hundred sixty-two dollars and. twenty-five cents ($262.25), for petroleum products sold to the defendant on credit. The Defendant’s Answer consists of a general denial and a plea of payment.
Finding of Facts: I find that the defendant bought gas and oil on credit from the plaintiff and its affiliated companies or persons, for a number of years. He paid some money on account of the indebtedness, but on July 1st, 1941, there was a balance of two hundred sixty-two dollars and twenty-five cents ($262.25) due to the plaintiff from the defendant, which balance remained unpaid. I find that the goods of merchandise, consisting of gas and oil, and which are called ‘petroleum products’ were delivered to the defendant, and received by him. I find for the plaintiff in the sum of two hundred sixty-two dollars and twenty-five cents ($262.25).”
Request #1 presents purely the question of law whether the finding for the plaintiff can be sustained on any reasonable interpretation of the evidence with the legitimate inferences therefrom.
As the Court said in Moss vs. Old Colony Trust, 246 Mass. 139 at 143, ‘‘ The general and special findings of the judge in an action at law are to stand if warranted in law upon any possible view of the evidence. It is mot the function of this court in an action at law to pass upon the weight of the evidence even though reported in full. The only question for us to decide on that phase of the case is whether *14 upon the evidence, with all rational inferences which might be drawn therefrom, the findings can be sustained. ’ ’
The general findings is conclusive if there is any evidence to support it. Sparhawk vs. Sparhawk, 120 Mass. 390 at 392, Bailey vs. Marden, 173 Mass. 277 at 279, Commercial Credit Co. vs. McDonough Co., 238 Mass. 73 at 78.
General Law (Ter. Ed.) Chapter 233, Section 78, provides that “An entry in an account kept in a book * * * or by any other system of keeping accounts shall not be inadmissible in any civil proceeding as evidence of the facts therein stated because it is transcribed or because it is hearsay or self-serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding aforesaid.”
The general finding for the plaintiff reports a finding by the trial judge of all these preliminary facts. ■
In Standard Oil Co. vs. Malaguti, 269 Mass. 126 at 129, the court said, “It has been held that such an entry is admissible to show to whom the account is charged, that is to say, to whom the goods were sold and- delivered. ’’ See Taylor vs. Harrington, 243 Mass. 210 at 213.
Therefore, there was no error in the denial of the defendant’s request #1.
The remaining requests were properly denied since they become inapplicable in view of the facts found by the trial judge namely, that the defendant bought gas and oil on credit from the plaintiff and its affiliated companies or persons, for a number of years; that he paid some money on account of the indebtedness, but on July 1st, 1941, there was a balance of two hundred and sixty-two dollars and twenty-five cents ($262.25) due to the plaintiff from the defendant, which balance remained unpaid.
Therefore, there being no prejudicial error committed by the trial judge, the report must be dismissed.

 The trial court’s rulings and findings on each of the plaintiff's requests for rulings are printed in italics following the request.