*Decrees affirmed.*

HOUSEHOLD FUEL CORPORATION *vs.* HARRY A. HAMACHER
& another.

Suffolk.    April 8, 1954. — September 27, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence*, Book entry, Contradiction of witness, Admissions and confessions. *Practice, Civil*, Stipulation; Ordering verdict; Variance; Exceptions: what questions open.

At the trial of an action for fuel sold, testimony as to a balance due based in part on entries made in a ledger of the plaintiff after the beginning of the action was not admissible under G. L. (Ter. Ed.) c. 233, § 78. [655]

Statements in an affidavit of defence signed by the defendant in an action were admissible to contradict his testimony at the trial. [655–656]

Stipulations of fact made by counsel for a party before an auditor, not
limited in effect to the auditor's hearing nor discharged by the court,
were properly admitted in evidence at a subsequent trial of the case
although the auditor's report was "ordered stricken from the record"
by agreement of the parties. [656–657]

A stipulation in a case that a concern with a name containing the word
"Corporation" was the proper plaintiff implied an admission that the
plaintiff was incorporated. [657–658]

At the trial of an action for fuel sold, entries made in a ledger of the
plaintiff before the action was brought were admissible under G. L.
(Ter. Ed.) c. 233, § 78, to prove an indebtedness of the defendant if
the judge found the other facts prerequisite to their admission under
the statute, notwithstanding that other entries respecting the defend-
ant's account in the ledger were made after the commencement of the
action and were inadmissible. [658]

An exception by the defendant in an action to the denial of a motion by
him for a directed verdict not based on the pleadings opened no question
of variance in this court. [658]

CONTRACT. Writ in the Superior Court dated Decem-
ber 30, 1949.

The action was tried before *Beaudreau*, J.

In this court the case was submitted on briefs.

*James S. Ellis* & *M. Harry Golburgh*, for the defendant
Fine.

*Raymond E. Werner* & *Walter F. Flanagan*, for the plain-
tiff.

SPALDING, J. This is an action of contract to recover for
fuel allegedly furnished by the plaintiff to the defendants.
Originally there were three defendants, Hamacher, Hoskins,
and Fine, but it appeared at the trial that Hoskins had died
prior to the commencement of the action and upon motion
of the plaintiff he was eliminated as a party. A verdict was
directed in favor of the defendant Hamacher, and the jury
returned a verdict against the defendant Fine, who brings
the case here on exceptions and will hereinafter be referred
to as the defendant.

One Crowe, a witness called by the plaintiff, testified that
he was employed by the plaintiff as a bookkeeper and that
he had in his possession a ledger of an account designated
"Ridgemont Trust . . . 294 Washington Street, Boston,
Attention: Murray R. Fine"; that each entry on the

ledger originated from a delivery ticket showing the quantity of fuel delivered which was turned in by the driver and immediately recorded in the ledger; that these entries were made not later than one day after the fuel was delivered; and that the entries were made in the regular course of business under the supervision of the witness. The witness, from the ledger sheets, was permitted to state the balances due on various accounts with the defendant for the period commencing with the first shipment through and including dates in January, 1950. The present action was commenced on December 30, 1949. The defendant objected on the ground that since this testimony was based on entries made after the action was commenced it was not admissible under G. L. (Ter. Ed.) c. 233, § 78. The objection was overruled subject to the defendant's exception.

This exception must be sustained. The evidence contained in the ledger, or at least some of it, was not within the personal knowledge of the witness and was not admissible at common law. *Kent* v. *Garvin*, 1 Gray, 148. *Kaplan* v. *Gross*, 223 Mass. 152, 154. If the evidence is admissible it must be by reason of G. L. (Ter. Ed.) c. 233, § 78. But before an entry is admissible under that statute the judge must find, among other things, that it was made before the commencement of the action. Here such a finding could not have been made, for the bill of exceptions shows that the balances given by the witness Crowe were based in part on entries made in the ledger after the action was commenced. The point was brought to the attention of the judge and the effect of his ruling was that entries made after the commencement of the action were admissible under the statute. This was error and we cannot say it was harmless.

The defendant has argued several other questions relating to evidence and the conduct of the trial but we shall discuss only those that would be likely to arise on a retrial of the case.

The defendant testified that he never purchased fuel from the plaintiff, that he never paid it any money, that he had

never heard of it until after the action was commenced, and that he dealt only with Burns Bros. To contradict him the plaintiff, subject to the exception of the defendant, was permitted to read to the jury an affidavit of defence signed by the defendant in which he stated that he had sent checks to the plaintiff prior to the commencement of the action which constituted full payment of the account. This evidence was inconsistent with the defendant's testimony and was plainly admissible.

It appears that the case had previously been tried before an auditor. After his report was filed, "by agreement of the parties . . . [it was] ordered stricken from the record." As stated above, the defendant had testified that he dealt only with Burns Bros. and not with the plaintiff. The judge then asked counsel for the defendant if he had not made a stipulation at the hearing before the auditor that Burns Bros. was a division of the plaintiff, Household Fuel Corporation, and counsel replied that he had so stipulated. The judge also asked the defendant's counsel whether he had stipulated before the auditor that the defendant was the real owner of the properties where the fuel was delivered and was the person liable to the plaintiff on the account, and counsel answered that he had. Later the auditor testified that at the time of the hearing on the draft report counsel agreed that the proper plaintiff in this case was Household Fuel Corporation and that Burns Bros. was a division of Household Fuel Corporation. All of this evidence was admitted over the defendant's objection and exception. The defendant argues that since the auditor's report had been struck from the record the stipulations which were made at the hearing before him ought not to have been admitted.

The stipulations made before the auditor were binding admissions which the attorney undoubtedly had authority to make. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 217. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. "Nothing is more common in practice or more useful in dispatching the business of the courts than for counsel to admit undisputed facts. Their clients . . . are

bound by such admissions." *Brocklesby* v. *Newton,* 294
Mass. 41, 43. Whether an admission or stipulation in one
trial of a case continues to have effect at a subsequent trial
of that case is a question as to which there is some differ-
ence of opinion. See Wigmore on Evidence (3d ed.) § 2593.
The better rule, we think, is that where a stipulation or ad-
mission is made in court by counsel for the purpose of re-
lieving the opposing party from proving some fact such
stipulation or admission, provided it is not by its terms
limited to a particular occasion, can be introduced in evi-
dence as proof of the admitted fact at a subsequent trial of
the same case, unless the court permits its withdrawal upon
proper application. This view finds support in our own
decisions and is in accord with the weight of authority.
Wigmore on Evidence (3d ed.) § 2593. *Central Bridge Corp.*
v. *Lowell,* 15 Gray, 106, 128–129. *Prestwood* v. *Watson,*
111 Ala. 604. *Gonzales* v. *Pacific Greyhound Lines,* 34 Cal.
(2d) 749, 755. *Perry* v. *Simpson Waterproof Manuf. Co.*
40 Conn. 313. *Holley* v. *Young,* 68 Maine, 215. *LeBarron*
v. *Harvard,* 129 Neb. 460. *Gallagher* v. *McBride,* 37 Vroom,
360, 366–367. *Stemmler* v. *Mayor, Aldermen & Common-
alty of New York,* 179 N. Y. 473, 481–482. *Langley* v. *Earl
of Oxford,* 1 M. & W. 508. See annotation in 100 A. L. R.
775. The stipulation here does not appear to have been
limited to the auditor's hearing; nor was it ever discharged
by the court. See *Loring* v. *Mercier,* 318 Mass. 599, 601.
Hence, within the rule just stated, it was admissible. Com-
pare *Cadigan* v. *Crabtree,* 192 Mass. 233, 241.

It remains to consider the defendant's exception to the
denial of his motion for a directed verdict. The defendant
argues in support of this exception (1) that the plaintiff
failed to show that it was incorporated, (2) that there was          .
no competent evidence showing any indebtedness on the
part of the defendant to the plaintiff, and (3) that there
was a variance between the proof and the pleading. As to
the first point we think that was covered by the stipulation
to the effect that the Household Fuel Corporation was the

proper plaintiff. As to the second point there was competent evidence in the ledger tending to prove an indebtedness of the defendant to the plaintiff. Just before the close of the evidence the ledger sheets of the plaintiff were admitted in evidence subject to the defendant's exception. The entries made prior to the commencement of the action were admissible, if the judge found that they were so made and were also "made in good faith in the regular course of business." There was evidence from which such findings could have been made and the judge by admitting these entries impliedly found the facts prerequisite to their admission. *Taylor* v. *Harrington*, 243 Mass. 210, 213. *Chadwick & Carr Co.* v. *Smith*, 293 Mass. 293, 295. The fact that some of the entries were made after the action was commenced did not render inadmissible those that were made before. There is no merit in the variance point for the reason that the motion for a directed verdict does not appear to have been based on the pleadings. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Snow* v. *Metropolitan Transit Authority*, 323 Mass. 21, 24. The evidence warranted a verdict for the plaintiff and the motion was rightly denied.

*Exceptions sustained.*