WILEY & FOSS, INC. *vs.* SAXONY THEATRES, INC.

Worcester.   September 27, 1954. — February 4, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Contract*, Parties.

It was error to direct a verdict for the defendant at the trial of an action by a building contractor against a corporation to recover the cost of alteration and repair work done at a theatre of another corporation upon the oral request of the defendant's president and treasurer where it appeared that the plaintiff's bookkeeping and business records showed that all charges for the work were entered solely against the defendant, that the invoices for the work were addressed and sent to the defendant, and that the plaintiff did not know that anyone but the defendant was interested in the theatre until long after the work had been completed.

CONTRACT.   Writ in the District Court of Fitchburg dated July 28, 1950.

Upon removal to the Superior Court, the action was tried before *Meagher, J.*

*Irvin E. Erb*, for the plaintiff.

*Walter H. McLaughlin*, for the defendant, submitted a brief.

WILKINS, J.   In this action of contract the judge by consent directed a verdict for the plaintiff on the first count, and, subject to the plaintiff's exception, directed a verdict for the defendant on the second count.   The first count is for a balance due for making alterations and repairs to the Saxony Theatre in Fitchburg.   The second count is for $1,951.31, and interest, for making alterations and repairs to the Gem Theatre in Fitchburg.   The defendant, a Massachusetts corporation organized on December 3, 1948, contends that it is not liable for work done

on the latter theatre, which was owned by Gem Theatre of Fitchburg, Inc., another Massachusetts corporation, hereinafter called Gem. Gem experienced financial difficulties, and does not appear to be in business.

Records of the department of corporations and taxation in evidence give the principal office of both corporations as 15A Bleachery Court, Somerville. According to these records, the defendant has outstanding 75 shares of capital stock, called "Class A" common, which are held 25 shares each by Irving A. Sisson, Joseph Cohen, and Benjamin Sack, who constitute the board of directors. The officers are given as Sisson, president and treasurer; Cohen, vice-president; Sack, second vice-president; and Eunice Patick, clerk.

Gem was organized on March 2, 1949, as Theatre Equipment and Decorating Corp. The name was changed on December 30, 1949. According to the records of the department of corporations and taxation, Gem has outstanding 50 shares of capital stock, called "Class A" common, which are held 25 shares each by Sisson and Sack. On these records, the board of directors are Sisson, Sack, and Bessie Schapiro. The officers are given as Sisson, president; Sack, treasurer; and Patick, clerk.

The jury could have found these facts. On December 20, 1948, the plaintiff was engaged by Sisson to remodel a theatre which the defendant had taken over and planned to operate as the Saxony Theatre. The major portion of the work was completed in February, 1949, and the theatre opened. Thereafter from time to time through June, 1949, the plaintiff performed additional remodeling and repair work at the Saxony Theatre. There was no written contract, the work being entirely on the oral orders of Sisson. The plaintiff sent monthly invoices to the defendant at 15A Bleachery Court, Somerville. The total charge was $6,645.05, and the defendant made numerous payments which left a balance of $1,016.06 on December 29, 1949.

In January and February, 1950, the plaintiff did alteration and repair work at the Gem Theatre upon the oral

request of Sisson. At the end of January and at the end of February the plaintiff sent invoices addressed to the defendant at 15A Bleachery Court, Somerville.

On January 11, 1950, the defendant paid $500 which the plaintiff credited on the balance due on the Saxony Theatre work.

On June 19, 1950, the plaintiff received a letter from a firm of lawyers advising of a meeting of the creditors of Gem. This was the first intimation to the plaintiff that anyone but the defendant was interested in the Gem Theatre. The plaintiff sent no representative to the meeting, and never made a claim against Gem.

It was stipulated at the trial that if the defendant is liable, the amount set forth in the second count of the declaration is correct; that all the plaintiff's day to day bookkeeping and business records show that all charges for the work on the Gem Theatre were entered solely against the defendant; and that no one connected with the defendant suggested to the plaintiff prior to June, 1950, that the defendant was not liable.

The bill of exceptions states with reference to the invoices sent the defendant for the work done in January and February, 1950: "Copies of these invoices were admitted in evidence as exhibits and a photostatic copy of the front page thereof is attached hereto." The front page attached is of the January, 1950, invoice and shows a total due on this one page of $317.50. There is no other reference to these exhibits in the bill of exceptions, although what purported to be all the exhibits were given to us at the arguments. The fact that these writings were in the form of invoices did not prevent their being "a writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event" admissible "as evidence of the facts therein stated" under G. L. (Ter. Ed.) c. 233, § 78. See now St. 1954, c. 442, § 1. *Chadwick & Carr Co.* v. *Smith*, 293 Mass. 293, 295. *Bodell* v. *Sawyer*, 294 Mass. 534, 542–543. Such a writing or record is enough to take the second count to

the jury. *Lyman B. Brooks Co.* v. *Wilson,* 218 Mass. 205, 208–209. *Sellew* v. *Tuttle's Millinery Inc.* 319 Mass. 368, 371. *W. W. Britton Inc.* v. *S. M. Hill Co.* 327 Mass. 335, 337–338. *Aluminum Smelters Inc.* v. *Twombly,* 330 Mass. 577, 579. See *Household Fuel Corp.* v. *Hamacher,* 331 Mass. 653, 657–658.

The only exhibit incorporated by the quoted reference in the bill of exceptions is the photostatic copy of the first page of the January invoice. Rule 6 (C) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 696. See *Staples* v. *Collins,* 321 Mass. 449, 450–451. This, however, is enough to show some liability.

*Exceptions sustained.*