*Municipal Court of the City of Boston*

No. 381801

## R. H. WHITE CORPORATION
### v.
## ROBERT F. JASSE

(April 13, 1955)

*Barron, J.* This is an action of contract to recover the sum of $74.25, the balance due for a sofa bed sold and delivered. The answer is a general denial.

The plaintiff introduced a ledger card made in the ordinary course of business, which contained, among other notations, the following:

"Mrs.

| | |
|---|---|
| NAME | Jasse, Robert F. |
| STREET | 180 Parkway |
| CITY AND STATE | Revere, Mass." |

also credit references pertaining to the defendant.

There was evidence by the plaintiff's Assistant Credit Manager that the account was opened and credit granted to the defendant on the strength of his credit references which were first verified by the credit department through agencies; that the plaintiff had attempted to collect the unpaid balance and had written letters to the defendant as noted on the ledger card; that none were returned.

The plaintiff rested, the defendant rested, and the court announced that it would find for the defendant. The plaintiff thereupon stated that he had certain requests for rulings which he would like to submit. The court accepted the plaintiff's requests for rulings, and stated that it would re-open the matter and receive further evidence on the question of whether the Robert F. Jasse who was the defendant in suit was the Robert F. Jasse referred to in the plaintiff's records.

The plaintiff's witness then testified as to the entries on the ledger card and that the only signature the plaintiff had was that of Mrs. Jasse and not any signature of Mr. Jasse. -There was other evidence presented which is not material to the issues herein raised.

The court then addressed certain questions and comments to counsel for the plaintiff, and when the latter did not appear to follow the trend of the court's questions and comments the judge said that he would proceed with the trial and try to develop the facts.

Over the objections of counsel for the plaintiff, the court called a witness who had been previously sworn and who was identified as Marion Jasse, the

wife of the defendant. She testified that the defendant was not present in the store of the plaintiff when she purchased the sofa bed; that she furnished the credit references of her husband; that she made a down payment; that subsequently the goods were received, delivered to her home; that the sofa bed delivered to her home was not the one which she had ordered, and that it was completely unsatisfactory and unusuable, and she related efforts which she had made to obtain satisfaction from the plaintiff.

The court asked the witness if she intended to pay for the goods and the witness replied her husband was to pay for the sofa bed and on further examination by the court witness stated her husband made the single payment of six dollars and seventy-nine cents ($6.79); that they had to buy another bed since they could not use this one.

The court granted the following requests for rulings submitted by the plaintiff:

"1. The evidence in this case is sufficient as a matter of law to warrant or support a finding for the plaintiff against the defendant.

2. An entry in an account kept in a book or by any other system of keeping accounts shall not be inadmissible in any civil proceedings as evidence of the facts therein stated because it is transferred or because it is hearsay or self-serving, if the court finds that the entry was made in good faith, in the regular course of business and before the beginning of the civil proceedings aforesaid.

G. L. c. 233, §78.

3. Entries in a ledger are admissible to show to whom the account is charged, that is, to whom the goods were sold and delivered.

*Taylor v. Harrington,* 243 Mass. 210, 213.

4. Entries in a ledger are evidence of the sale and delivery of goods.

*Standard Oil Company v. Malaguti,* 269 Mass. 126.

5. As a matter of law, an answer of general denial puts in issue only those matters which are material to the plaintiff's case

and no other matters can be set up by way of confession or avoidance.

G. L. c. 231."

The court made a finding for the defendant.

The plaintiff filed a motion for a new trial and submitted the following numbered requests for rulings which, with their disposition by the court, were as follows;

"1. As a matter of law, the court's finding for the defendant is inconsistent and incompatible with the court's granting of the plaintiff's requests for rulings, number (1) and three (3). *Denied.*

2. As a matter of law, the finding of the court is inconsistent with the court's rulings and the evidence presented. *Denied as applied to rulings, also finding consistent with ledger card.*

6. General Laws, Chapter 233, Section 78 thereof is the statutory authority for the admission into evidence of the ledger card in this action marked Exhibit No. one. *Granted.*

7. General Laws, Chapter 233, Section 78 thereof also states the ledger card is admissible "as evidence of the facts therein stated". *Taylor v. Harrington,* 243 Mass. 210; *Standard Oil Co. v. Malaguti,* 269 Mass. 126. *Granted.*

9. The ledger card is evidence of to whom the goods were sold and delivered and goes a long way from bald identity of names. *Herman v. Fine,* 314 Mass. 67, 69; *Standard Oil Co. v. Malaguti,* 269 Mass. 126. *Granted.*

11. As a matter of law, though bald identity of names is not sufficient to identify the defendant, some evidence is all that is required to identify the defendant. *Herman v. Fine.* 314 Mass. 67, 69. *Granted.*

13. As a matter of law, where a case is re-opened immediately after finding for the defendant on the plaintiff's evidence and case only for the express purpose of plaintiff's evidence the defendant is the same defendant the plaintiff sued, the court must make findings of fact if it varies from the issue of identity in making the final finding for the defendant in order that the parties may know the court's mind and protect their rights. *Denied; cannot understand.*

14. As a matter of law, where the court found for the defendant upon the plaintiff resting and the defendant had

offered no evidence whatsoever and had rested after the finding, the court is required to find that on all the evidence most favorable to the plaintiff the court could not make a finding for the plaintiff in order to support the court's position on its finding and the law. *Denied.*

15. As a matter of law, the court could not find for the defendant without making an error in law. *Denied.*

16. As a matter of law, the plaintiff sustained its burden of proof where the ledger card was admitted into evidence by reason of the required findings for its admission. *Denied.*"

The motion for new trial was denied.

The plaintiff claimed to be aggrieved by the denial of its motion for a new trial and the denial of its requests concerning the motion numbered 1, 2, 13, 14, 15 and 16 and further by the court's granting requests numbered 6, 7, 9 and 11, without granting a new trial.

There was no error by the court. Questions of law raised by requests for rulings numbered 13, 14, 15 and 16 submitted at the hearing of the Motion for a New Trial could have been raised at the trial on the merits, and could not be raised as a matter of right on a motion for new trial. *Belkus v. Murdock,* 315 Mass. 86, 87; *Pins v. I. J. Fox, Inc.,* 302 Mass. 601, 602; *Lonergan v. American Ry. Ex. Co.,* 250 Mass. 30, 38. However, the court properly denied these requests even if the question of law had been properly raised at the trial on the merits.

The re-opening of the hearing for the reception of further evidence was within the discretion of the judge. The court may permit additional evidence to be introduced even after the trial. *Kerr v. Palmieri,* 325 Mass. 554, 557; *C. v. Wood,* 302 Mass. 265, 267-8; *Short v. Farmer,* 260 Mass. 102, 104.

The plaintiff erroneously contends that as a matter of law the court should have found for the plaintiff. It was not a question of law, but a question of fact to be determined by the judge on the evidence presented, as to whether the merchandise in issue was sold to the defendant. The ledger card which was

introduced was admissible to show to whom the account is charged, that is to say, to whom the goods were sold and delivered. It is evidence of the facts therein stated. *Standard Oil Co. v. Malaguti,* 269 Mass. 126. This ledger card indicates that the "Mr." was crossed out, and that the "Mrs." remained on the ledger card so as to read, "Mrs. Robert E. Jasse". Moreover, there was only the signature of "Mrs." Jasse, not the signature of "Mr." Jasse. The court on this evidence could make a finding of fact that the goods were sold to Mrs. Jasse and were not sold to the defendant, Mr. Jasse. and that therefore he was not liable.

"Findings of fact made by a judge in action at law cannot be reversed unless they cannot be sustained upon any rational view of the evidence including all reasonable inferences of which the testimony is susceptible." *Commissioners v. Treasurer,* 319 Mass. 86, 92; *First National Stores, Inc., v. H. P. Welch Co.,* 316 Mass. 147, 149.

The court's finding for the defendant is not inconsistent with the granting of request No. 1. The evidence may warrant a finding for the plaintiff, but may not compel it. It is not inconsistent for the judge to grant such a request and then, after weighing all the evidence, to find for the defendant. *Dangelo v. Farina,* 310 Mass. 758, 759. *Marquis v. Messier,* 303 Mass. 553.

*Report dismissed.*

Tierney & Tierney, for the plaintiff.
Gabriel I. Ash, for the defendant.