*District Court Of East Norfolk*
No. 41370

**THE LAMB AGENCY, INC.**

v.

**COUNTRY FARE, INC.**

Argued: Jan. 24, 1968   Decided: Feb. 26, 1968

*Present:* Nash, C. J., Cox, Murphy, J. J.

Case tried to *Tamkin, J.* in the District Court of East
Norfolk. No. 41370

*Cox, J.* The report states that *there was
evidence tending to show that* Eleanor Lamb,
Treasurer of Lamb Agency, Inc., was the ef-
ficient, predominating and procuring cause of
the sale of the defendant's restaurant and real
estate in Hingham and that the fair and reason-
able sum for the plaintiff's services was
$9,000.00. The question raised is procedural.

After both plaintiff and defendant had rest-
ed, after requests for ruling had been filed, the
case argued, and law memoranda submitted,
the trial judge, of his own motion and over the
defendant's objection, reopened the case and
elicited from Eleanor Lamb that she was a
licensed real estate broker at the time of
and before the sale of the property. He then
found for the plaintiff in the sum of $9,000.00.

The only question reported for our deter-
mination is whether the judge had the right to
reopen the case, at the stage of the proceedings
described, to ascertain whether the sale was ef-
fected by a licensed real estate broker. No
question is raised as to the sufficiency of the
evidence admitted.

No doubt the judge's action was prompted by
a ruling requested by the defendant which

called attention to the lack of evidence relating to a licensed broker as having effected the sale. By the provisions of G.L. c. 112, § RR (Inserted by St. 1957, c. 726, § 2), there could be no recovery unless the sale was effected by a licensed broker.

We see no abuse of discretion or other error by the judge. He acted to accomplish a just result and upon the strength of clear and ample authority which permitted him to reopen the case when and as he did.

In *Short* v. *Farmer*, 260 Mass. 102, a judge was sustained, who, several days after having taken the case under advisement, reopened the case to allow the plaintiff to produce evidence that the plaintiff's claim was not barred by the defendant's bankruptcy because the defendant had failed to include the plaintiff's claim in his bankruptcy schedules and because there was no receipt of notice of the bankruptcy proceedings by the plaintiff. The opinion states at p. 104, "The case having been taken under advisement, the judge several days thereafter called a conference of counsel, and upon discussion announced, that he would allow the plaintiff to introduce copies of the bankruptcy schedules. The defendant objected to the admission of additional evidence and his objection was noted. If the judge seems to have acted on his own initiative, yet it was within his discretionary power after hearing the

parties to reopen the case for the admission of further evidence.''

In *Finnegan* v. *Checker Taxi Co.*, 300 Mass. 62, the judge, after a verdict, allowed an amendment to the declaration by the addition of a count for conscious suffering specifically alleging violation of the law of the road then in force. It was held that ''Its allowance was within his discretionary power. *Melanson* v. *Smith*, 282 Mass. 85, 87. He could exercise such power after, as well as before, a verdict. *Pizer* v. *Hunt*, 253 Mass. 321.''

It was said in *Reynolds* v. *Missouri, Kansas* v. *Texas Ry. Co.*, 224 Mass. 379, 387, that ''The motion of the plaintiff to be allowed to offer additional evidence after the hearing had been closed, but before the rendition of a decision, was addressed to the discretion of the trial judge and cannot be revised.''

In *Kerr* v. *Palmieri*, 325 Mass. 554, 557, it was held that ''As a general proposition, the granting of a motion to permit additional evidence to be introduced after the trial has been closed rests in the discretion of the trial judge.''

See also *Saldi* v. *Brighton Stock Yard Co.*, 344 Mass. 89, 98. *R. H. White Corp.* v. *Jasse*, 9 Mass. App. Dec., 109, 113.

There being no prejudicial error the **report should be dismissed.**

WASSERMAN & SALTER,

   of Boston, for the Plaintiff.

J. BLAKE THAXTER, JR.,

   of Cohasset for the Defendant.